JOHN S. HEALEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 473–69SC.   Filed September 1, 1970.

John S. Healey, pro se.
*Ernest J. Wright*, for the respondent.

## 1704

OPINION

The question presented for decision is whether petitioner is entitled to a deduction under section 215 for payments made to his then wife, Kathryn, subsequent to February 14, 1966, when a restraining order was issued requiring petitioner to live apart from his wife and children and prior to the entry of a temporary support order effective November 9, 1966.

Section 215 provides:

SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed *as a deduction* amounts includible *under section 71 in the gross income of* his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.

Section 71 provides:

SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

Petitioner contends that the restraining order was a legal separation and because he was still obligated under Colorado law (Colo. Rev. Stat. Ann. sec. 43–1–1 (1963) ; *Read* v. *Read*, 202 P. 2d 953 (Colo. 1949)) to support his family, this restraining order, coupled with the legal obligation imposed upon him by the Colorado law to support his family, was tantamount to a decree of separate maintenance and any payments made subsequent to such restraining order should be considered as incurred under a decree of separate maintenance, and as such, deductible as alimony. Thus, petitioner quotes the language "imposed or incurred by the husband" in the statute to argue that Congress must have intended the statute to mean what he contends; otherwise there would be no need for the word "incurred" in the statute. While the restraining order did not impose this obligation on him, he did incur this obligation because of it. Therefore, any payments made subsequent to it should qualify under section 71, and therefore be deductible under section 215.

Respondent contends that the payments in question were not made pursuant to a "decree of divorce" as that term is used in section 71 and it is only payments made in discharge of the marital obligation to support which is made specific by a divorce decree that are within the purview of this section.

Petitioner concedes that this restraining order was not a decree of divorce and it did not direct him to make any payments to his wife. Further, he concedes that no written separation agreement was entered into by the parties.

The only remaining basis then, upon which this Court could hold in petitioner's favor, would be to equate the restraining order, coupled with the legal obligation to support his family imposed upon petitioner by Colorado law, with a decree of separate maintenance as defined in section 71. This we cannot do.

Petitioner's reliance on the wording of the statute "a legal obligation which because of the marital or family relationship is imposed on or incurred by the husband" ignores the highly pertinent phrase which immediately follows and modifies the quoted portion of the statute. This phrase reads: "under the decree." When read in its entirety it is clear that in order to be deductible the statute requires

that the obligations to make the payments in question must have been imposed by the decree itself.

The cases cited by petitioner in support of his petition herein are all distinguishable on their facts. Our attention has not been called to any case squarely on point on the issue involved herein. However, the regulations under section 71 and the legislative history of section 71 support our conclusion that petitioner is not entitled to the deduction claimed herein.

Section 1.71–1(b)(4) of the regulations provides that, "Section 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation to support *which is made specific by the decree, instrument or agreement.*" (Emphasis added.)

In the report of the Committee on Ways and Means of the Revenue Bill of 1942, pertaining to the predecessor of section 71 of the Code, H. Rept. No. 2333, 77th Cong., 2d Sess., 1942–2 C.B. 428, provides:

This section applies only where the legal obligation being discharged arises out of the family or marital relationship in recognition of the general obligation to support, which is made specific by the instrument or decree.

In *Robert L. Daine*, 9 T.C. 47, affd. 168 F. 2d 449 (C.A. 2, 1948), which held that payments could not be made deductible by a husband and taxable to a wife by means of a retroactive court order, the Court stated:

Section 22(k) [predecessor of section 71] is applicable to "a wife who *is* * * * *legally separated* from her husband *under a decree* * * * of separate maintenance." The payments includible in her gross income are "periodic payments * * * *received* [by the wife] *subsequent to such decree*," i.e., the decree under which the wife is adjudged legally separated from her husband and paid by the husband "in discharge of * * * a legal obligation which * * * *is imposed upon* or incurred by *such husband under such decree* or under a written instrument incident to such divorce or separation," i.e., imposed by the same decree under which the wife received the payments. * * *

The same language is applicable here.

In the case at bar petitioner had an obligation to support his wife and family which arose out of the marital relationship. However, as petitioner himself apparently recognizes, this legal obligation was imposed upon him under Colorado law and *not* by the "restraining order" issued by the court on February 14, 1966.

For the reasons discussed above we hold that the payments made by petitioner subsequent to the issuance of the restraining order and prior to the issuance of the temporary support order, are not deductible by petitioner as alimony under section 215.

*Decision will be entered for the respondent.*