ROBERT H. GLICKLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glickler v. Commissioner
Docket No. 7371-71.
United States Tax Court
T.C. Memo 1973-91; 1973 Tax Ct. Memo LEXIS 199; 32 T.C.M. (CCH) 405; T.C.M. (RIA) 73091; April 17, 1973, Filed Robert H. Glickler, pro se. Clarence F. Frazier, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,175.04 in petitioner's income tax for 1967. The sole issue is whether petitioner is entitled, under section 215, [1] to deduct payments which he made to his wife, from whom he was separated, during the period from April 15 to September 29, 1967. *200 FINDINGS OF FACT Robert H. Glickler (hereinafter referred to as petitioner) filed a timely Federal income tax return for 1967 with the district director of internal revenue, Hartford, Connecticut. At the time his petition was filed with this Court, he was a resident of Miami, Florida. For a number of years prior to 1967, petitioner and Dorothy Glickler (sometimes hereinafter Dorothy) were married, and, at the beginning of 1967, they resided in West Hartford, Connecticut, with their daughter, Estelle. At that time, Estelle was the only one of the couple's three children still living at home. For reasons not disclosed by the record, on April 15, 1967, Dorothy had the police remove petitioner from their home. Petitioner and Dorothy remained separated for the rest of the period in controversy, and Dorothy and Estelle continued to occupy the family residence. Starting on the date of their separation, petitioner began paying Dorothy $40 per week for her support. In addition, he continued to pay the monthly rent of $160 on the residence and to pay an undisclosed amount for various other purposes. In May of 1967, petitioner was summoned before the Family Relations Division *201 of the 16th Circuit Court of the 3 State of Connecticut, in West Hartford, Connecticut, to determine whether he had violated the criminal provisions of the State's nonsupport law. The record does not disclose whether petitioner was actually charged with a crime or whether the proceeding before that court was merely investigatory. During the hearing, petitioner refused a request that he sign a voluntary agreement requiring him to pay Dorothy $157 per week for her support. Because of this refusal, within two weeks he was again summoned to appear before the same court. At that time, the court found that he had been furnishing adequate support for his family since the separation. No other action was taken by that court. In July of 1967, Dorothy filed a civil complaint against petitioner charging him with nonsupport. As a result of this complaint, the Superior Court of Hartford County on September 29, 1967, issued a temporary support order requiring petitioner to pay $100 and $35 per week, respectively, for the support of Dorothy and Estelle. This was the only decree or order entered during or prior to the period in controversy requiring petitioner to pay a specific amount *202 for his family's support. 4 Between April 15 and September 29 of 1967, petitioner paid a total sum in excess of $2,300 for the support of Dorothy. From September 29 to December 31 of that year, he paid $1,400 for her support. In his 1967 income tax return, petitioner deducted $3,700 as alimony payments. In the notice of deficiency, respondent allowed $1,400 of the claimed deduction but determined that $2,300 thereof was not deductible. OPINION Under section 215, [2] on which petitioner relies to allow the disputed deduction, a husband's payments for the support of his wife are deductible in computing his taxable 5 income only if such payments are includable in her gross income under section 71. [3] Petitioner admits that, until September 29, 1967, no court had entered a decree of divorce or separate maintenance in his case (sec. 71(a) (1)), and that he and his wife had not signed a written separation agreement (sec. 71(a) (2)). However, he contends that his 6 payments during the period of their separation prior to that date are includable in his wife's gross income under section 71(a) (3) which taxes to the wife amounts paid "under a decree * * * requiring" her *203 husband to make payments for her support or maintenance. *204 The record is not clear as to what actually transpired in the proceedings in the Connecticut Circuit Court in May 1967. However, petitioner admits that no decree providing that he was to pay Dorothy a specific amount for her support was entered until September 29, 1967. He argues that the State Circuit Court finding of May 1967 as to the adequacy of the support furnished his family after his separation from his wife was, in essence, a decree meeting the requirements of section 71(a) (3) in that it meant, if he continued to make the payments in the same amounts, 7 he would not be in violation of the State statute on family support. On this ground, he maintains that such amounts were "tantamount" to payments under a court decree and are covered by section 1.71-1(b) (3), Income Tax Regs.[4]
*205 * * * 8 We think petitioner's argument misconceives the requirements of section 71(a). As explained by section 1.71-1(b) (4), Income Tax Regs., "Section 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement ." [Underscoring supplied.] This regulation is a paraphrase of language in H. Rept. No. 2333, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 428, accompanying the enactment of the predecessor of section 71, and, in our opinion, is a reasonable construction of section 71(a). See John S. Healey, 54 T.C. 1702, 1706 (1970), affirmed per curiam ( C.A. 4, 1971, 28 A.F.T.R.2d 5217, 71-2U.S.T.C. par. 9536). The Connecticut Circuit Court's finding that petitioner had not violated the State nonsupport law did not satisfy this requirement. That finding did not make "specific" his general obligation to support his wife. At most, the court's action was merely a determination that petitioner's obligation did not exceed the payments which he had made. The reasons for the Congressional unwillingness to change *206 "the long-standing rule regarding the nontaxability and nondeductibility of alimony payments (cf. Gould v. Gould, 245 U.S. 151 (1917)), except where certain formal actions 9 were involved" are quite apparent. Sylvia E. Taylor, 55 T.C. 1134, 1138 (1971). The companion sections 71 and 215 enunciate the rules for the inclusion of an item in the gross income of one spouse and the deductibility of the same amount by the other spouse. Such individuals are frequently antagonistic toward each other, and State laws on the support of separated or divorced spouses are so flexible that the wide varieties of arrangements may be adequate for State purposes. The opportunities for abuse are apparent. Moreover, the absence of the section 71(a) requirement that the general obligation of support be rendered specific by a court decree, written agreement, or other instrument would surely lead in many cases to disputes, costly to all concerned, as to the character of the payments in individual cases. Since the language of section 71(a), the related regulations, and the legislative history is so explicitly clear in requiring a court decree or other written instrument specifying *207 the amounts to be paid, we cannot hold that the Connecticut court's finding that petitioner had not violated the State law on nonsupport meets the requirements of section 71(a) (3). In summary, petitioner's payments to Dorothy were not made under a court decree imposing a specific obligation on 10 him prior to the entry of the order by the Connecticut Superior Court on September 29, 1967. Respondent has allowed deductions for payments subsequent to that date. That petitioner's payments prior to the entry of that decree were made pursuant to a statute or were adequate to enable petitioner to avoid prosecution under the Connecticut nonsupport statute is not, in our opinion, sufficient to permit the allowance of the claimed deduction. Sylvia E. Taylor, supra; John S. Healey, supra.
Decision will be entered for the respondent. 5 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. 2 ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * ↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship * * * (3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
4. Sec. 1.71-1(b) (3), Income Tax Regs., which is as follows, does not purport to eliminate the requirement of sec. 71(a) (3) that the payments be made "under a decree * * * requiring the husband to make the payments for * * * [the wife's] support and maintenance": Sec. 1.71-1 Alimony and separate maintenance payments; income to wife or former wife. * * * (b) Alimony or separate maintenance payments received from the husband - * * * (3) Decree for support. (i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. It is not necessary for the wife to be legally separated or divorced from her husband under a court order or decree; nor is it necessary for the order or decree for support to be for the purpose of enforcing a written separation agreement. ↩