RICHARD K. WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 2907-82.
United States Tax Court
T.C. Memo 1984-65; 1984 Tax Ct. Memo LEXIS 608; 47 T.C.M. (CCH) 1064; T.C.M. (RIA) 84065; February 9, 1984. Vaughn A. Terrinoni, for the petitioner. Russell K. Stewart, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $8,246. The case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The stipulated facts are so found and incorporated herein by this reference. The sole *609 issue for decision is whether petitioner is entitled to an alimony deduction under section 215 [1] for the amounts paid during 1978 prior to the entry of a state court order for support of his former wife. Petitioner Richard K. White (hereinafter sometimes referred to as "petitioner" or "Richard") timely filed his Federal income tax return for 1978 with the Internal Revenue Service Center in Philadelphia, Pennsylvania. He resided in Pennsylvania at the time he filed his petition in this case. Due to marital differences, Richard and his former wife Jean L. White (hereinafter "Jean") separated in 1977. Richard and Jean did not execute a written separation agreement. On September 8, 1978, the Court of Common Pleas of Lehigh County, Pennsylvania entered an order directing Richard to pay Jean $1,200 per month for support. The court order applied retroactively from October 5, 1977. The order provided: NOW, this 8th day of September, 1978, after careful review of the depositions and the briefs, the petition for support is granted and defendant is directed to pay support to his *610 wife, JEAN L. WHITE, at the rate of $1,200.00 per month. This order shall be effective October 5, 1977 less any sums paid on account by defendant. * * * Prior to the entry of the September 8, 1978 order for support, Richard made payments during 1977 and 1978 to Jean totaling $14,400. On September 11, 1978, the state court credited Richard with having paid this amount "on account." The $14,400 consisted of $1,200 monthly payments made during the twelve month period beginning October 1977 and ending September 1978. [2]
In preparing his Federal income Tax return for 1978, Richard deducted $14,400 as alimony payments. Respondent issued a notice of deficiency disallowing $10,800 of Richard's claimed alimony deduction for the nine payments made during the months of January to September 1978. Respondent also determined that Richard's filing status for 1978 was married filing separately. [3]
*611 Section 71(a)(3)[4] provides that if a wife [5] is separated from her husband, periodic payments made under a decree for the wife's support and maintenance are includable in the income of the wife. If the payments are includable in the wife's income under section 71, the husband is allowed a corresponding deduction under section 215. [6]
*612 Respondent contends that payments made by petitioner prior to entry of the court order were not made pursuant to any legal obligation and thus must be construed as voluntary. Therefore they are not includable in Jean's income under section 71 nor deductible by petitioner under section 215. Respondent maintains that, although a state court can enter an order that affects property rights of its citizens, the order may not be construed as abridging the Federal government's taxing authority. Petitioner's counsel argues that, since the September 8, 1978, court order [7] by its terms relates back to October 5, 1977, petitioner should be treated for tax purposes as having made support payments pursuant to a court decree. He emphasizes petitioner's personal liability for the support payments due to the retroactive nature of the court order. He states: Even though the petitioner made such prior payments voluntarily, the retroactive nature of the state court decree would nonetheless have required him to make such payments beginning on October 5, 1977, regardless of whether or not any voluntary payments had been made. That he was permitted credit for these voluntary payments is further *613 evidence that he would have been liable to pay these amounts. We do not agree. This Court has consistently held in cases such as this that payments made prior to the entry of a support decree are not deductible under section 215 and hence not includable under section 71. Taylor v. Commissioner,55 T.C. 1134 (1971); Healey v. Commissioner,54 T.C. 1702 (1970), affd. in an unpublished opinion, 71-2 USTC par. 9536, 28 AFTR2d 71-5217 (4th Cir. 1971); Daine v. Commissioner,9 T.C. 47 (1947), affd. 168 F.2d 449 (2d Cir. 1948). Section 1.71-1(b)(4), Income Tax Regs. provides that "[s]ection 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement." (Emphasis added.) We have interpreted section *614 71(a)(3) and section 1.71-1(b)(4), Income Tax Regs., as requiring that payments be made pursuant to "some sort of currently enforceable judicial decree or order * * *." Taylor v. Commissioner,55 T.C. at 1140 (Emphasis added). At the time petitioner made his October 1977 to September 1978 monthly payments of $1,200, he was not acting pursuant to a currently enforceable judicial decree or order. In fact, no order existed at that time. Rather, petitioner made payments to Jean based upon some type of voluntary oral agreement, and such an oral agreement cannot be the basis for a section 215 deduction. Herring v. Commissioner,66 T.C. 308 (1976); Houlihan v. Commissioner,T.C. Memo. 1980-312; Sec. 1.71-1(b)(4), Income Tax Regs.
Petitioner also contends that there is no statutory requirement in section 71(a)(3) which corresponds to that incorporated within section 71(a)(1) and (2) which mandates the existence of some other operative event. [8] Petitioner contends that all that section 71(a)(3) requires is that there be a support decree entered subsequent to March 1, 1954. He further notes that if Congress had intended that the *615 triggering event be the entry of a court decree for support and that only payments made thereafter be deductible, this requirement would be an element of the statute, as similar requirements are elements of section 71(a)(1) and (2). Petitioner provides no support for this novel interpretation. We think our holding in Taylor is controlling and that section 71(a)(3) requires a currently enforceable judicial decree or order at the time of payment. See also, S. Rept. No. 1622, 83d Cong., 2d Sess. 10 (1954). Moreover, our conclusion is in accord with our holding in Beaugard v. Commissioner,T.C. Memo. 1980-311. In Beaugard, as in the present case, the state court issued a retroactive order directing the husband to make payments to his spouse. We held that, notwithstanding the retroactivity of the decree, payments made prior to the date of the decree did not qualify for a Federal income tax deduction. Beaugard is consistent with *616 a line of cases in this Court. Turkoglu v. Commissioner,36 T.C. 552 (1961); Segal v. Commissioner,36 T.C. 148 (1961); Van Vlaanderen v. Commissioner,10 T.C. 706 (1948), affd. 175 F.2d 389 (3d Cir. 1949); Daine v. Commissioner,9 T.C. 47 (1947), affd. 168 F.2d 449 (2d Cir. 1948); and Baker v. Commissioner,T.C. Memo. 1978-103. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Richard also made monthly payments of $1,200 during the period of October to December 1978, subsequent to the issuance of the state court order.Respondent agreed that these payments were properly deducted.↩
3. Petitioner originally filed as single. Petitioner has conceded that his proper filing status for 1978 was married filing separately.↩
4. Section 71 provides, in part: (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transfered, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) DECREE FOR SUPPORT.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance.↩ This paragraph shall not apply if the husband and wife make a single return jointly. (Emphasis added.) 5. The terms "wife" and "husband" are used merely to conform with the language of the statute. If is clear that the provisions apply equally to the payor or payee-spouse regardless of sex. Sec. 7701(a)(17). ↩
6. SEC.215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71↩ in the gross income of his wife, payment of which is made within the husband's taxable year. * * *
7. The fact that petitioner's payments were made under court "order" rather than "decree" does not affect the disposition of petitioner's case. See Korman v. Commissioner,36 T.C. 654, 657 (1961), affd. 298 F.2d 444↩ (2d. Cir. 1962).
8. As a condition precedent to a deduction under section 71, section 71(a)(1) requires entry of a decree of divorce or separate maintenance agreement and section 71(a)(2)↩ requires an executed written separation agreement.