T.C. Memo. 2004-284

UNITED STATES TAX COURT

MUMTAZ A. ALI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3064-03.                    Filed December 27, 2004.

<u>Dennis G. Harkavy</u>, for petitioner.

<u>Elaine T. Fuller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2000 Federal income tax of $34,262.

Petitioner and his former spouse, Shagufta Lisa Ali (Ali), had two children and owned a community interest in the Spearmint Rhino Clubs (SRC), a corporation.  Petitioner and Ali separated in 1999.  SRC paid Ali $24,000 per month from June to December

2000 (a total of $168,000). There was no court order, judgment, or written agreement requiring petitioner to pay child, spousal, or family support to Ali when Ali received those payments. On June 25, 2001, a State court filed a stipulation between Ali and petitioner that retroactively (1) deemed petitioner to have paid one-half of the distributions from SRC to Ali, and (2) deemed those payments from June 1 to December 31, 2000, to have been made by petitioner to Ali as unallocated family support in satisfaction of petitioner's obligation to provide support during that period.

The issues for decision are:

1. Whether payments made to Ali before the existence of a written divorce or separation agreement that were retroactively deemed to be unallocated family support payments by State court order are alimony for purposes of section 71(b)(1).[1] We hold that they are not.

2. Whether petitioner may exclude from income the $84,000 that SRC paid on his behalf to Ali in 2000. We hold that he may not.

_____

[1] Section references are to the Internal Revenue Code in effect for 2000. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   Petitioner and His Former Spouse, Shaqufta Lisa Ali

Petitioner resided in California when he filed his petition. Petitioner and Ali separated on July 14, 1999.  Petitioner and Ali have two children.

B.   Petitioner's Divorce

On May 10, 2000, Ali filed an order to show cause with the Superior Court of California for the County of Orange (State court), the court with jurisdiction over the dissolution of the marriage of petitioner and Ali, in which Ali sought, inter alia, family support payments from petitioner.

In 2000, petitioner and Ali each owned an undivided one-half community property interest in SRC.  Ali received monthly distributions of $24,000 from SRC from June to December 2000 (totaling $168,000) in 2000.  Petitioner and Ali had not divided their community property interest in SRC in 2000.  There was no court order or judgment or other written agreement requiring petitioner to pay child, spousal, or family support in 2000.

On February 5, 2001, the State court filed a partial stipulation between petitioner and Ali which provided in part that Ali would continue to receive distributions from SRC of $24,000 per month as unallocated family support from petitioner commencing February 1, 2001.  The State court reserved

jurisdiction, retroactive to June 1, 2000, over the character and any allocation of the payments. On May 25, 2001, the State court filed a second stipulation between petitioner and Ali which provided in part that the community interests in SRC of petitioner and Ali would be divided equally.

On June 25, 2001, the State court filed a stipulation between petitioner and Ali which provided that the $24,000 monthly distributions from SRC were allocated one-half each to petitioner and Ali. The June 25, 2001, stipulation also deemed that the distributions allocated to petitioner and received by Ali were paid by petitioner to Ali as unallocated family support from June 1, 2000, to March 31, 2001, in satisfaction of his obligation to provide support.

C.   Petitioner's Tax Return for 2000

Petitioner deducted $84,000 as alimony on his 2000 income tax return for payments made by SRC on his behalf to Ali.

OPINION

A.   Background and Petitioner's Contentions

A taxpayer may deduct payments which qualify as alimony and separate maintenance payments. Sec. 215(a). To qualify as alimony, a payment must, among other requirements, be received by or on behalf of a spouse under a divorce or separation instrument. Secs. 71(b)(1)(A) and (2), 215(b). A divorce or separation instrument is: (1) A decree of divorce or separate

maintenance or a written instrument incident to the decree, (2) a written separation agreement, or (3) a decree requiring a spouse to pay for the support or maintenance of the other spouse. Sec. 71(b)(2); sec. 1.71-1(b)(1), (2), and (3), Income Tax Regs.

Petitioner acknowledges that no written divorce or separation instrument existed in 2000 when SRC made the payments at issue to Ali. Petitioner contends that the section 71(b)(1)(A) requirement that the payments at issue be received under a divorce or separation instrument is met by the State court's retroactive approval of the stipulation that petitioner's one-half ($12,000) of each monthly payment (totaling $84,000) in 2000 was paid by him to Ali as family support. Petitioner points out that, under California law, the State court may retroactively modify an agreement. See In re Marriage of Skelley, 556 P.2d 297, 300 (Cal. 1976)

B. Whether Retroactive Treatment by the State Court of Payments as Unallocated Family Support Meets the Requirement of Section 71(b)(1)(A) That the Payments Be Received Under a Divorce or Separation Instrument

Petitioner contends that, because of the retroactive action by the State court, the payments from SRC to Ali in 2000 were payments under a divorce or separation instrument.

We disagree for two reasons. First, payments made before the existence of a written divorce or separation instrument are not deductible by the payor spouse under section 215 or its predecessor. Healey v. Commissioner, 54 T.C. 1702, 1705-1706

(1970), affd. without published opinion 28 AFTR 2d 71-5217, 71-2 USTC par. 9536 (4th Cir. 1971); Alleva v. Dept. of Treasury, 2002-1 USTC par. 50,188 (E.D.N.Y. 2001); Ewell v. Commissioner, T.C. Memo. 1996-253; Jachym v. Commissioner, T.C. Memo. 1984-181; White v. Commissioner, T.C. Memo. 1984-65. Petitioner's payments were not made under a qualifying divorce or separation instrument when they were made. Second, retroactive imposition of support by a State court does not have retroactive effect for Federal tax purposes. Turkoglu v. Commissioner, 36 T.C. 552, 555 (1961); Segal v. Commissioner, 36 T.C. 148, 153-154 (1961); Van Vlaanderen v. Commissioner, 10 T.C. 706, 707-708 (1948), affd. 175 F.2d 389 (3d Cir. 1949); Daine v. Commissioner, 9 T.C. 47, 51-52 (1947), affd. 168 F.2d 449 (2d Cir. 1948); see also Ianniello v. Commissioner, 98 T.C. 165, 175 n.5 (1992) (State court adjudications retroactively changing the rights of parties are generally disregarded for Federal income tax purposes).[2] Thus, SRC's payments to Ali in 2000 were not alimony, even though the State court made the June 25, 2001, instrument, which

---

[2] An exception to the general rule exists when the nunc pro tunc order retroactively corrects an order which failed to reflect the true intention of the court at the time it was rendered. Gordon v. Commissioner, 70 T.C. 525, 530 (1978); Johnson v. Commissioner, 45 T.C. 530, 532 (1966). There is no evidence that the State court's retroactive order in this case corrects an order which failed to reflect the true intention of the court at the time it was rendered.

provided that SRC's payments were unallocated family support, retroactive to the date of those payments.

Petitioner contends that Healey v. Commissioner, supra, supports his position. We disagree. In Healey, a State court gave retroactive effect to its nunc pro tunc order. We said in Healey that payments were not made deductible by means of a retroactive court order. Id. at 1706. Healey does not support petitioner's contention that retroactive State court actions are recognized for purposes of the section 71(b)(1)(A) requirement that payments be received under a divorce or separation instrument.

We do not recognize the retroactive nature of the State court instrument in deciding whether, for purposes of section 71(b)(1)(A), the payments made by SRC were made under a written divorce or separation agreement. Thus, petitioner may not deduct any of the $84,000 that SRC paid to Ali in 2000 as alimony.

C.   Whether Petitioner May Exclude From Income the $84,000 That SRC Paid to Ali in 2000

Petitioner's community property share of income from SRC for 2000 is $84,000. Petitioner contends that he may exclude that amount from his income because SRC made the payments directly to Ali. We disagree.

Petitioner has offered no authority for his position. Petitioner is taxed on his share of SRC community income even though he chose to have it paid directly to Ali because income

from property is taxed to the owner of the property at the time the income is earned. <u>Helvering v. Horst</u>, 311 U.S. 112, 116-117 (1940); <u>Lucas v. Earl</u>, 281 U.S. 111, 114 (1930); see <u>United States v. Malcolm</u>, 282 U.S. 792, 793-794 (1931). Tax cannot be avoided through an anticipatory assignment of income. <u>Lucas v. Earl</u>, <u>supra</u>.

A shareholder receives a constructive dividend to the extent of the corporation's earnings and profits if the corporation pays a personal expense of its shareholder or the shareholder uses corporate property for a personal purpose. Secs. 301(c), 316(a); <u>Falsetti v. Commissioner</u>, 85 T.C. 332, 356-357 (1985); <u>Henry Schwartz Corp. v. Commissioner</u>, 60 T.C. 728, 743-744 (1973). Petitioner does not contend that SRC's earnings and profits were less than $84,000, and there is no evidence to suggest that the earnings and profits requirement is not met. A payment is a constructive dividend if the corporation has conferred an economic benefit on the shareholder without expectation of repayment. <u>United States v. Smith</u>, 418 F.2d 589, 593 (5th Cir. 1969); <u>Truesdell v. Commissioner</u>, 89 T.C. 1280, 1295 (1987). Petitioner economically benefited from SRC's payment to Ali because those payments relieved him of the obligation to make

cash payments to her. Thus, the $84,000 that SRC paid to Ali in 2000 is a constructive dividend to petitioner in that amount and is not excluded from his income.

<u>Decision will be</u>

<u>entered for respondent</u>.