T.C. Memo. 1998-27


UNITED STATES TAX COURT


NORMAN D. PETERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

MARTA E. PETERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 12074-96, 17347-96.        Filed January 22, 1998.


    H's case was consolidated for trial, briefing, and
opinion with that of W, H's former spouse.  During
taxable year 1992, H made support payments totaling
$63,170 to W pursuant to a State court Minute Order and
attached Tentative Decision and prior to the entry of a
judgment of dissolution of marriage.  H deducted these
payments on his return for that year as alimony
pursuant to sec. 215(a), I.R.C.  W did not include
these payments as alimony income on her return for
1992.  To avoid whipsaw, R took inconsistent positions
against H and W in notices of deficiency issued to
them, disallowing H's sec. 215(a), I.R.C., deduction of
$63,170 and adjusting W's income to reflect the receipt
of that amount as alimony pursuant to secs. 61(a)(8)
and 71(a), I.R.C.  On brief, R took a position in
support of H and adverse to W.  <u>Held</u>:  The payments at
issue constitute alimony within the meaning of section

71, I.R.C., and are therefore deductible by H and includable in the gross income of W for taxable year 1992. Secs. 61(a)(8), 71(a), and 215(a), I.R.C.

<u>W. James Slaughter</u>, for petitioner Norman D. Peterson.

<u>Randall R. Wittman</u>, for petitioner Marta E. Peterson.

<u>Linas N. Udrys</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>: In these consolidated cases, respondent determined the following deficiencies and accuracy-related penalty with respect to the Federal income taxes of petitioners Norman D. Peterson (Norman) and Marta E. Peterson (Marta):

<u>Docket No. 12074-96</u>
(Norman D. Peterson)

| <u>Year</u> | <u>Deficiency</u> |
|------|------------|
| 1992 | $15,161 |

<u>Docket No. 17347-96</u>
(Marta E. Peterson)

| <u>Year</u> | <u>Deficiency</u> | Penalty<br><u>Sec. 6662(a)</u> |
|------|------------|------------------|
| 1992 | $16,030 | $3,206 |

All section references are to sections of the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by respondent, the sole issue for decision is whether spousal support payments made in accordance with a Minute Order and attached Tentative Decision and prior to an entry of judgment of dissolution of marriage in taxable year 1992 constitute alimony within the meaning of section 71(b) so as to be deductible by Norman pursuant to section 215(a) and includable in the gross income of Marta pursuant to sections 61(a)(8) and 71(a) for that year.

This case was submitted with fully stipulated facts under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Norman resided in Laguna Hills, California, when he filed his petition. Marta resided in Laguna Beach, California, when she filed her petition.

## Background

Norman and Marta are former spouses. Norman worked as a physician during taxable year 1992; Marta was a homemaker. Petitioners resided in separate households throughout 1992.

Petitioners were separated on September 18, 1989. On November 5, 1991, a trial, lasting approximately 5 days, was held before the Orange County Superior Court (Superior Court) in California on the contested issues in the petitioners' divorce case, which included the division of marital property, spousal support, and child support.

On January 6, 1992, the Superior Court issued a Minute Order which stated "No appearances. The Court, having taken matter

under submission on 11-5-91, now rules pursuant to Tentative Decision signed and filed this date."  The Tentative Decision of the Superior Court attached to, and incorporated in, the Minute Order states in pertinent part that

> Child support is ordered in the amount of $12,366.00 per month total.
>
> Spousal support is ordered in the amount of $12,634.00 per month total.
>
> Total support is $25,000 per month, payable one-half on the first and one-half on the 15th of each month, commencing January 15, 1992.  There shall be no termination date as to spousal support at this time.

                    *    *    *    *    *    *    *

> The petitioner [Marta] is ordered to prepare the Judgment.

A Judgment of Dissolution of Marriage (Judgment) was entered on June 9, 1992.  The Judgment terminated petitioners' marriage and restored petitioners to the status of unmarried persons as of November 5, 1991.  Paragraph 24 of the Judgment provides:

> As and for spousal support, respondent [Norman] shall pay to petitioner [Marta] the sum of $12,634.00 per month, payable one-half on the first and one-half on the fifteenth of each month, commencing January 15, 1992 and continuing thereafter each month until the death of either party, petitioner's remarriage or further order of court, whichever event shall first occur.

Other than the Minute Order, Tentative Decision, and the Judgment, there were no other orders or agreements requiring the payment of spousal support by Norman.

Prior to the entry of the Judgment, Marta received $63,170 (10 bimonthly payments of $6,317) from Norman in compliance with the terms of the Tentative Decision as incorporated into the Minute Order. In addition, Norman made a total of $82,121 in bimonthly spousal support payments to Marta during the period from June 9, 1992, through December 31, 1992.

Norman timely filed a Form 1040, U.S. Individual Income Tax Return, for taxable year 1992. Norman claimed as a deduction on Line 29, "Alimony paid", of his return the entire amount of spousal support he remitted to Marta during that year--$145,291.

Marta also timely filed a Form 1040 for 1992. On her return, Marta reported as income on Line 11, "Alimony received", only that portion of spousal support that she received after the entry of the Judgment--$82,121.

In the role of a stakeholder, respondent issued separate notices of deficiency to Norman and Marta on May 21, 1996, addressing petitioners' inconsistent treatment of the support payments made prior to the entry of the Judgment. Among other adjustments, in the notice issued to Norman, respondent disallowed the deduction of $63,170 as alimony paid. In the Explanation attached to the notice of deficiency, respondent stated that Norman had neither established that such amount was alimony, nor that such amount was paid.

In the notice of deficiency issued to Marta, among other adjustments, respondent determined that the $63,170 of payments

received from Norman from January 6, to June 9, 1992, constituted alimony and adjusted her income accordingly.  In the Explanation attached to the notice, respondent stated that "Alimony or separate maintenance payments you received are includible in income."  In addition, respondent determined that Marta was liable for the accuracy-related penalty for negligence for 1992 pursuant to section 6662(a).  Respondent has since conceded that Marta is not liable for the accuracy-related penalty.

## Discussion

We must decide whether spousal support payments made by Norman to Marta from January 6, to June 9, 1992, in the amount of $63,170 are alimony within the meaning of section 71.  To protect the fisc, respondent has taken inconsistent positions in the notices of deficiency issued to petitioners.  On brief, however, respondent supports Norman's position that the payments are alimony, and thus deductible by him pursuant to section 215(a) and includable in Marta's gross income pursuant to sections 61(a)(8) and 71(a).

Marta argues for the first time on brief that her notice of deficiency "does not set forth Respondent's specific basis" for the inclusion of the $63,170 of support payments in income and, therefore, the Court should, under Rule 142(a), shift the burden of proof in docket No. 17347-96 to respondent.  Rule 34(b)(4) states that a petition must contain "Clear and concise assignments of each and every error which the petitioner alleges

to have been committed by the Commissioner in the determination of the deficiency or liability."  Any issue not raised by petitioner in the assignment of errors is deemed to be conceded. Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 (1982); <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

In the present case, no error has been alleged in Marta's petition with respect to the adequacy of the explanation set forth in the notice concerning the disputed adjustment.  Thus, Marta is deemed to have conceded this issue.  Rule 34(b)(4).  In any event, we find the explanation set forth in the notice to be adequate.

Section 215(a) allows as a deduction to the payor an amount equal to the alimony or separate maintenance payments made during the payor's taxable year.  Conversely, sections 61(a)(8) and 71(a) provide that gross income includes amounts received as alimony or separate maintenance payments.  Whether a payment constitutes alimony or separate maintenance within the meaning of sections 61(a)(8), 71(a), and 215(b) is determined by reference to section 71(b).

Section 71(b) provides in pertinent part as follows:

(b)  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

    (1)  In general.--The term "alimony or separate maintenance payment" means any payment in cash if--

        (A) such payment is received by (or on behalf of) a spouse under a <u>divorce or separation instrument</u>,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse * * *. (Emphasis added.)

For purposes relevant to the present dispute, the term "divorce or separation instrument" underscored above means a decree requiring a spouse to pay for the support or maintenance of the other spouse. Sec. 71(b)(2)(C). Such a decree must be enforceable at the time it is issued. See Taylor v. Commissioner, 55 T.C. 1134, 1139-1140 (1971); White v. Commissioner, T.C. Memo. 1984-65.

According to Marta, the spousal support payments made by Norman between January 6, and June 9, 1992, do not constitute alimony within the meaning of section 71(b)(1) because the Minute Order incorporating the Tentative Decision was not an enforceable divorce or separation instrument within the meaning of section 71(b)(2) at the time it was issued. On the other hand, Norman and respondent maintain that the Minute Order incorporating the Tentative Decision suffices under section 71(b)(2)(C) as a support decree, thereby permitting Norman to deduct the support payments at issue on his 1992 tax return and requiring their

inclusion in Marta's income in that year.  For the reasons which follow, we agree with the position espoused by both Norman and respondent in their respective briefs.

In determining the substantive content of local judicial action under these circumstances, this Court looks to applicable local law.  Taylor v. Commissioner, supra at 1138.  In that connection, Marta points to section 664 of the California Code of Civil Procedure (West 1987), which provides that "In no case is a judgment effectual for any purpose until entered."  Marta also relies on rule 232, California Court Rules (West 1996), which states that a tentative decision is not a judgment, and "shall not be binding on the court."  Since the Judgment was not entered until June 9, 1992, Marta maintains that nothing required Norman to make the contested payments.

Although we do not dispute the law that Marta has brought to our attention, we do not think it dispositive of the issue before us.  Section 577 of the California Code of Civil Procedure (West 1976) defines a judgment as the "final determination of the rights of the parties in an action or proceeding."  However, a judgment is not the only type of decree sufficient for purposes of section 71(b)(2)(C).  A decree for support under section 71(b)(2)(C) includes "any type of court order or decree, including an interlocutory decree of divorce or a decree of alimony pendente lite", requiring one spouse to make payments for the other spouse's support or maintenance.  Sec. 1.71-1(b)(3),

Income Tax Regs. (emphasis added); see sec. 1.71-1T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984); see also Landreth v. Commissioner, T.C. Memo. 1997-169; Ambrose v. Commissioner, T.C. Memo. 1996-128. Thus, the proper inquiry is not whether a final determination of the rights of the parties had been made in the action for divorce at the time of the Minute Order's issuance, but whether the Minute Order and attached Tentative Decision constitutes an enforceable order under California law requiring Norman to make support payments to Marta.

Section 1003 of the California Code of Civil Procedure (West 1980) defines an order as follows: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order." A minute order is a "written order of the court, and no formal writing signed by the court and filed with the clerk is necessary" for it to be effective. Simmons v. Superior Court, 341 P.2d 13, 17 (Cal. 1959).

In the instant case, upon examination of the language of the Minute Order and attached Tentative Decision, it is evident that it is a direction of the court within the meaning of section 1003 of the California Code of Civil Procedure (West 1980). The Minute Order unequivocally directs Norman to pay Marta spousal support in a certain amount commencing January 15, 1992, as set forth in the attached Tentative Decision; the language is not, as Marta would have it, merely precatory. See Whitney v. Whitney,

330 P.2d 947, 952 (Cal. Dist. Ct. App. 1958) (holding that a trial court had the authority, pursuant to a minute order, to direct payment of permanent alimony commencing at a date earlier than the effective date of a decree of divorce). As an order, the Minute Order and attached Tentative Decision was binding on the parties even though it was subject to modification or termination by the court and did not constitute a judgment. See City of Los Angeles v. Oliver, 283 P. 298, 309 (Cal. Dist. Ct. App. 1929).

Section 1007 of the California Code of Civil Procedure (West 1980) provides that "Whenever an order for the payment of a sum of money is made by a Court, pursuant to the provisions of this Code, it may be enforced by execution in the same manner as if it were a judgment." (Emphasis added.) In Shields v. Shields, 130 P.2d 982, 983 (Cal. Dist. Ct. App. 1942), the court held that this section applies to orders for the payment of alimony. See also Mathews v. Mathews, 193 P. 586, 587 (Cal. Dist. Ct. App. 1920) (holding that a provision in an interlocutory judgment of divorce for the payment of certain alimony, though subject to modification, need not be expressly carried into the final decree to be enforceable).

Based on the above discussion, we hold that the Minute Order and Tentative Decision constitutes a valid support decree for purposes of section 71(b)(2)(C), and therefore qualifies as a

"divorce or separation instrument" within the meaning of section 71(b).

In her petition, Marta further alleged that, under the Minute Order incorporating the Tentative Decision, Norman would continue to be liable for spousal support payments after Marta's death, and therefore such payments fall outside the scope of the definition of alimony. Sec. 71(b)(1)(D). Marta based this allegation on the language of the Tentative Decision, which states that "There shall be no termination date as to spousal support at this time." However, Marta did not argue this point on brief, and indeed makes no mention of it whatsoever. It is, therefore, appropriate that the argument be deemed abandoned. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988); Carlstedt v. Commissioner, T.C. Memo. 1997-331.

We have considered each of the parties' remaining arguments, and to the extent that they are not discussed herein, find them to be either insignificant or without merit.

Based on the above, we hold that payments made by Norman to Marta in the amount of $63,170 from January 6, 1992, to June 9, 1992, are alimony or separate maintenance within the meaning of section 71. As such, respondent correctly determined that they are includable in Marta's gross income pursuant to sections 61(a)(8) and 71(a). Respondent erred, however, in disallowing Norman a deduction under section 215(a) for these payments.

To reflect the foregoing and the concession by respondent,

- 13 -

Decision will be
entered for petitioner in
docket No. 12074-96.
Decision will be entered
under Rule 155 in docket
No. 17347-96.