T.C. Summary Opinion 2007-91


UNITED STATES TAX COURT


DANIEL WAYNE WEBB, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19848-05S.            Filed June 4, 2007.


Daniel Wayne Webb, pro se.

Fred E. Green, Jr., for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2002.

Respondent determined a deficiency in petitioner's Federal income tax for 2002 of $7,504. The deficiency stemmed from the disallowance of a deduction for alimony payments and the subsequent adjustment of petitioner's itemized deductions. The parties have asked us to decide whether petitioner properly deducted $24,000 that was voluntarily paid to his ex-wife in 2002 as alimony.[2] We hold that the payments at issue were properly deductible as alimony under section 215(a) and consequently hold for petitioner.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, Daniel Wayne Webb (petitioner) resided in Reno, Nevada.

Petitioner and Jeanette Webb were married in October 1974 and divorced in October 1987. It was a "messy" divorce, and at least one temporary restraining order was issued against Jeanette Webb (ex-wife). Petitioner ended up with custody of the children.

In addition to provisions regarding petitioner's then-minor children, the Statement of Decision issued by the Superior Court

---

[2] As the issue for decision under these facts is essentially legal in nature, we decide the instant case without regard to the burden of proof.

of California for the County of Los Angeles (the Superior Court) in November 1987 provided for spousal support to be paid to petitioner's ex-wife.  Over the years the Superior Court issued various orders related to the dissolution of petitioner's marriage to his ex-wife, modifying provisions regarding, inter alia, spousal support, as was deemed necessary.

In July 2000, the Superior Court issued a Stipulation Re: Spousal Support; Order Thereon (the Superior Court's Order).  The Superior Court's Order outlined obligations with respect to future spousal support payments made by petitioner to his ex-wife, including a requirement that she declare any payments as income on her Federal and State income tax returns, as well as the requirement that petitioner furnish his ex-wife with a proper accounting of all support payments made in a given tax year no later than January 31 of the following year.  The Superior Court's Order also specified that there was no legally actionable duty on petitioner's part to make any payments.  The Superior Court's Order was signed by both petitioner and his ex-wife, and it was signed by a judicial officer of the State of California on July 24, 2000.  It was the Superior Court's Order that was in effect for the taxable year 2002.

Petitioner paid his ex-wife $2,000 per month in 2002 as spousal support.  He made these payments out of concern for his

children's welfare.[3]  Both petitioner and his ex-wife complied with their obligations as set forth in the Superior Court's Order.

## Discussion

Section 71(a) provides the general rule that alimony payments are included in the gross income of the payee spouse; section 215(a) provides the complementary general rule that alimony payments are tax deductible by the payor spouse in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

The term "alimony" means any alimony as defined in section 71, which provides in relevant part:

> SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.-- For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
>
> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,

---

[3]  Petitioner described his ex-wife as periodically suffering from mental instability and explained that, but for these alimony payments, there was a real concern that his children's mother--with whom his children had regular visitation--would be rendered homeless, thereby negatively impacting his children.

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Both parties agree that petitioner's payments to his ex-wife satisfied the requirements set out in section 71(b)(1)(B), (C), and (D). The parties do not agree, however, on whether the payments satisfy the requirement that the payments be made under a divorce or separation instrument. See sec. 71(b)(1)(A).

Section 71(b)(2) provides that a "divorce or separation instrument" means:

(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

(B) a written separation agreement, or,

(C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

As a general matter, if the language of a statute is unambiguous on its face, we apply the statute in accordance with its terms. See, e.g., Garber Indus. Holding Co. v. Commissioner,

124 T.C. 1 (2005), affd. 435 F.3d 555 (5th Cir. 2006). Section 71 is not a tremendously complicated statute, and its requirements are clearly set forth. The operative order in effect for 2002 was a written instrument incident to the divorce decree that dissolved petitioner's marriage to his ex-wife. Because the Superior Court's Order was a written instrument incident to a divorce decree, it thus meets the definition of a divorce or separation instrument under section 71(b)(2)(A).

Despite the fact that petitioner falls within the provisions of the applicable statute, respondent argues that because petitioner did not have a legally enforceable duty to make spousal support payments in 2002, petitioner's payments to his ex-wife in 2002 were not made pursuant to a divorce or separation instrument.[4] But, as petitioner rightly argues, there is no requirement in the statute that payments be made under a legally enforceable duty in order to qualify for the alimony deduction; the only requirement is that any payment be "received by (or on behalf of) a spouse under a divorce or separation instrument". Sec. 71(b)(1)(A). Although it was once the case that entitlement to an alimony deduction under section 71 required payments to be

_____

[4] Respondent does not allege that the payments at issue were disguised child support payments or installments of a property distribution; rather, his sole argument is that petitioner's payments to his ex-wife did not constitute alimony because they did not meet its definition under the statute.

made under a legally enforceable obligation, it has not been so for more than 20 years.

Prior to the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(a), 98 Stat. 795, section 71(a)(1) of the Internal Revenue Code of 1954 defined alimony as payments made "in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the [divorce] decree or under a written instrument incident to * * * divorce or separation."  The statute was amended in 1984, repealing the "requirement that the payment be based on a legal support obligation."  H. Rept. 98-432 (Part 2) at 1069 (1984).

The cases cited by respondent in support of his position are cases decided under the old law, or are the progeny of older cases containing no independent analysis reflective of the changes to the statute.  Although there certainly have been cases holding that voluntary payments made outside a written instrument incident to divorce are not alimony, those cases have generally dealt with situations where there was no proper divorce decree or separation agreement, where a payment was made before the operative document went into effect, or where the older version of section 71 applied to the particular case.  See, e.g., Herring v. Commissioner, 66 T.C. 308, 311 (1976) (holding that payments made under an oral agreement were not alimony because they were

made before the issuance of the divorce decree); Taylor v. Commissioner, 55 T.C. 1134, 1140 (1971) (applying the old version of section 71 and concluding that, "absent some sort of currently enforceable judicial decree or order", section 71 would not apply); Leventhal v. Commissioner, T.C. Memo. 2000-92 (stating that letters from one spouse's attorney to another do not constitute a divorce or separation instrument); Peterson v. Commissioner, T.C. Memo. 1998-27 (confirming that a California State court's issuance of a Minute Order was sufficient under State law to constitute a "divorce or separation instrument"); Abood v. Commissioner, T.C. Memo. 1990-453 (applying the pre-amendment version of section 71 to the facts and clarifying that, under those circumstances, "voluntary payments are not within the purview of sections 71 and 215").  This is true even of recent cases.  See, e.g., Johnson v. Commissioner, 441 F.3d 845, 850 (9th Cir. 2006) (affirming the Tax Court's holding that the prior version of section 71 applied).  There have been no cases firmly on point with the one at bar.

Respondent's own regulations support petitioner's position. Although section 1.71-1, Income Tax Regs., contains the antiquated language reflective of the older version of the alimony statute, see sec. 1.71-1(b), Income Tax Regs. ("Such periodic payments must be made in discharge of a legal obligation imposed upon or incurred by the husband because of the marital or

family relationship"), the temporary regulation promulgated along with the amended version of section 71 in 1984 reflects the changes to the statutory language.[5]  The more recent regulation requires only that alimony payments meet the following requirements:  (a) That payments be made in cash; (b) that payments not be designated as excludible from the gross income of the payee and nondeductible by the payor; (c) that payments be made between spouses who are not members of the same household; (d) that the payor has no liability to continue to make payments after the death of the payee spouse; and (e) that payments are not treated as child support.  Sec. 1.71-1T, Q&A-2, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).  Further, section 1.71T, Q&A-3, Temporary Income Tax Regs., makes very clear that "the [requirement] that alimony or separate maintenance payments be * * * made in discharge of a legal obligation * * * [has] been eliminated."  Accordingly, petitioner's 2002 payments satisfy the requirements for alimony payments as outlined in the relevant regulations.

More than 20 years after the enactment of the amended statute, there is no reason to assume that Congress meant anything other than what it said in enacting the present version

--------

[5]  Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

of section 71.  It is not the Court's place to support respondent's attempt to include language Congress itself did not.

Accordingly, we hold that, under the unique facts of this case, petitioner's payments made to his ex-wife in 2002 satisfied the conditions set forth in section 71 and were thus properly deductible as alimony for that taxable year.

To reflect our disposition of the disputed issue, as well as respondent's concession,

<u>Decision will be entered</u>

<u>for petitioner.</u>