T.C. Summary Opinion 2010-172

UNITED STATES TAX COURT

MICHAEL WALTER BRAGG, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27942-09S.                    Filed December 13, 2010.

Michael Walter Bragg, pro se.

Melanie E. Senick, for respondent.

ARMEN, Special Trial Judge: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1] Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $937.

The sole issue for decision is whether payments made by petitioner in 2007 to his former wife are deductible as alimony under section 215.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Washington when the petition was filed.

Petitioner and Rosalie Bragg (Ms. Bragg) were married in approximately 1986. In April 2002, petitioner and Ms. Bragg were divorced pursuant to a divorce decree approved by the Superior Court of Washington, County of King. With respect to spousal support the divorce decree states:

3.7 SPOUSAL MAINTENANCE

The husband shall pay $800.00 maintenance. Maintenance shall be paid in $400 payments made twice monthly. The first maintenance payment shall be due the first month after this Decree is entered.

The husband shall pay $800 per month spousal maintenance to the wife without a specific ending date due to the wife, at present, being incapable of earning an adequate income. However, after five years from the date of this decree, the husband's obligation to pay said maintenance shall be reviewable by motion to the court. In reviewing the husband's obligation to pay spousal maintenance, the court

shall look at each parties [sic] income, assets, living expenses, and any other factors showing the parties [sic] respective financial situation(s). The burden of showing why maintenance should be reduced or stopped altogether shall be on the husband.

During 2007, petitioner paid Ms. Bragg a total of $6,240. Throughout 2007, petitioner had $240 from his biweekly paychecks directly deposited into a checking account for the sole benefit of Ms. Bragg. Although petitioner was required by the divorce decree to pay to Ms. Bragg $400 twice monthly (for a total of $9,600 yearly), petitioner and Ms. Bragg informally agreed to the lesser amount of $240 due to petitioner's financial circumstances.[2]

At some point in 2006, Ms. Bragg remarried. Petitioner was not aware of her remarriage until December 2007 when he was informed of the remarriage by Ms. Bragg's grandson. Upon learning of Ms. Bragg's remarriage, petitioner immediately stopped the direct deposit into her account.

On his 2007 Federal income tax return petitioner claimed a deduction of $6,240 for "alimony paid" to Ms. Bragg.

In a notice of deficiency respondent determined the payments were not alimony and therefore disallowed the claimed deduction.

---

[2] Petitioner explained at trial: "The changing of the divorce decree would have cost us even more money to get done, so we didn't feel it was necessary."

## Discussion

Section 215(a) allows a deduction for alimony payments paid during the payor's taxable year.  Section 215(b) defines alimony or separate maintenance as any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71."  Section 71(b) provides a four-step inquiry for determining whether a cash payment is alimony.  Section 71(b) provides:

> SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
>
> > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> >
> > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,
> >
> > (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
> >
> > (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Payments are deductible as alimony only if all four requirements of section 71(b)(1) are met.

Both parties agree that petitioner's payments to Ms. Bragg satisfied the requirements set out in section 71(b)(1)(B), (C), and (D).[3]  The parties do not agree, however, on whether the payments satisfy the requirement that the payments be made under a divorce or separation instrument.  See sec. 71(b)(1)(A).

Section 71(b)(2) provides that a "divorce or separation instrument" means:

> (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,
>
> (B) a written separation agreement, or
>
> (C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

As a general matter, if the language of a statute is unambiguous on its face, we apply the statute in accordance with its terms.  See, e.g., <u>Garber Indus. Holding Co. v. Commissioner</u>, 124 T.C. 1, 5 (2005), affd. 435 F.3d 555 (5th Cir. 2006). Section 71 is not a tremendously complicated statute, and its requirements are clearly set forth.  Petitioner made the payments

---

[3]  The requirement under sec. 71(b)(1)(D) that there be no obligation to make payments after the death of the payee spouse is satisfied by operation of Washington State law under Wash. Rev. Code Ann. sec. 26.09.170(2) (West 2005) discussed <u>infra</u>.

to Ms. Bragg pursuant to a divorce decree, which is listed as a "divorce or separation instrument" in section 71(b)(2)(A).

Despite the fact that petitioner falls within the provisions of the applicable Federal statute, respondent argues that because Ms. Bragg remarried in 2006, petitioner's legal obligation to pay spousal maintenance terminated as a matter of Washington State law; thus, respondent contends that the payments were not received under a divorce instrument as required by section 71(b)(1)(A).[4]

Wash. Rev. Code Ann. sec. 26.09.170(2) (West 2005) provides: "Unless otherwise agreed in writing or expressly provided in the decree the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." But there is no requirement in section 71(b)(1)(A) that payments be made under a legally enforceable duty in order to qualify for the alimony deduction. The only requirement is that any payment be "received by (or on behalf of) a spouse under a divorce or separation instrument." Sec. 71(b)(1)(A). Although it was once the case that entitlement to an alimony deduction under section 71 required payments to be

_____

[4] Respondent does not allege that the payments at issue were disguised child support payments or installments of a property distribution; rather, his sole argument is that petitioner's payments to his ex-wife did not constitute alimony because they did not meet the definition under the statute as a result of the operation of Washington State law.

made under a legally enforceable obligation, it has not been so for more than 25 years.

Before the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(a), 98 Stat. 795, section 71(a)(1) of the Internal Revenue Code of 1954 defined alimony as payments made "in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the [divorce] decree or under a written instrument incident to * * * divorce or separation." The statute was amended in 1984, repealing the "requirement that the payment be based on a legal support obligation". H. Rept. 98-432 (Part 2), at 1069 (1984).

Respondent's legal argument has as its foundation old law and does not reflect amendments to the statute. Although there certainly have been cases holding that voluntary payments made outside a written instrument incident to divorce are not alimony, those cases have generally dealt with situations where there was no proper divorce decree or separation agreement, where a payment was made before the operative document went into effect, or where the older version of section 71 applied to the particular case. See, e.g., Herring v. Commissioner, 66 T.C. 308, 311 (1976) (holding that payments made under an oral agreement were not alimony because they were made before the issuance of the divorce decree); Taylor v. Commissioner, 55 T.C. 1134, 1140 (1971)

(applying the old version of section 71 and concluding that, "absent some sort of currently enforceable judicial decree or order", section 71 would not apply); Leventhal v. Commissioner, T.C. Memo. 2000-92 (stating that letters from one spouse's attorney to another do not constitute a divorce or separation instrument); Peterson v. Commissioner, T.C. Memo. 1998-27 (confirming that a California State court's issuance of a Minute Order was sufficient under State law to constitute a "divorce or separation instrument"); Abood v. Commissioner, T.C. Memo. 1990-453 (applying the pre-amendment version of section 71 to the facts and clarifying that, under those circumstances, "voluntary payments are not within the purview of sections 71 and 215"). This is true even of recent cases. See, e.g., Johnson v. Commissioner, 441 F.3d 845, 850 (9th Cir. 2006) (affirming the Tax Court's holding that the prior version of section 71 applied). There have been no cases firmly on point with the one at bar.

Respondent's own regulations do not support his position. Although section 1.71-1, Income Tax Regs., contains the antiquated language reflective of the older version of the alimony statute, see sec. 1.71-1(b), Income Tax Regs. ("Such periodic payments must be made in discharge of a legal obligation imposed upon or incurred by the husband because of the marital or family relationship"), the temporary regulation promulgated along

with the amended version of section 71 in 1984 reflects the changes to the statutory language.[5]  The more recent regulation requires only that alimony payments meet the following requirements:  (a) That payments be made in cash; (b) that payments not be designated as excludable from the gross income of the payee and nondeductible by the payor; (c) that payments be made between spouses who are not members of the same household; (d) that the payor has no liability to continue to make payments after the death of the payee spouse; and (e) that payments are not treated as child support.  Sec. 1.71-1T(a), Q&A-2, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984).  Further, section 1.71-1T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984), makes very clear that "the [requirement] that alimony or separate maintenance payments be * * * made in discharge of a legal obligation * * * [has] been eliminated."  Accordingly, petitioner's 2007 payments satisfy the requirements for alimony payments as outlined in the relevant regulations.

More than 25 years after the enactment of the amended statute, there is no reason to assume that Congress meant anything other than what it said in enacting the present version

---

[5]  Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

of section 71.  It is not the Court's place to support respondent's attempt to include language Congress itself did not.

Accordingly, we hold that, under the unique facts of this case, petitioner's payments made to his former wife in 2007 satisfied the conditions set forth in section 71 and were thus properly deductible as alimony under section 215 for that taxable year.

## Conclusion

We have considered all of the arguments made by respondent, and, to the extent that we have not specifically addressed them, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.