MACK R. HERRING, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8035-74.     Filed May 19, 1976.

---

Mack R. Herring, pro se.
*Frederick T. Carney* and *Thomas R. Thomas,* for the respondent.

GOFFE, *Judge:* The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1972 in the amount of $753.38. The following issues are presented for decision:

(1) Whether petitioner is entitled to a deduction under section 215, I.R.C. 1954,[1] for payments to his former wife prior to the date of their divorce;

(2) Whether petitioner is entitled to head-of-household filing status for the taxable year 1972; and

(3) Whether petitioner is entitled to a deduction for charitable contributions in excess of the amount allowed by respondent.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated by this reference.

Petitioner Mack R. Herring resided in Pass Christian, Miss., at the time he filed his petition in this proceeding. Petitioner timely filed his 1972 Federal income tax return with the Internal Revenue Service Center, Chamblee, Ga.

Between January and August of 1972, petitioner's wife and their two children resided in McLean, Va., while petitioner was working in Mississippi. This temporary living arrangement was the result of petitioner's recent job transfer. Every 2 weeks during this period, petitioner sent his wife a certain amount of money from his paycheck. These funds were not designated for a specific use other than the general support of his wife and children.

Due to marital difficulties, petitioner and his wife separated from each other on October 5, 1972. Petitioner filed a bill of complaint for divorce on October 21, 1972. The complaint provided that petitioner would be willing to pay his wife a reasonable amount as alimony and child support. Following their separation and prior to their divorce, petitioner paid his wife $350 every other Wednesday. These payments were made on

---

[1] All section references are to the Internal Revenue Code of 1954, as amended.

October 11, October 25, and November 8, 1972. No written separation agreement setting forth payments to be made prior to divorce was ever executed. Petitioner and his wife were divorced on November 16, 1972. Petitioner was required by the terms of the divorce decree to pay his wife $100 as alimony and $250 as child support every other Wednesday commencing on November 22, 1972. The alimony payments made pursuant to the divorce decree totaled $300 during 1972. The divorce decree granted custody of petitioner's two children to his wife. Petitioner was granted visitation privileges and the right to have his children spend every other weekend with him.

On his income tax return filed for the taxable year 1972, petitioner claimed a deduction of $400 for alimony payments and utilized the head-of-household rates set forth in section 1(b). Petitioner also claimed deductions for the following charitable contributions:

| Organization | Amount |
|---|---|
| St. Thomas' Church _____ | $600 |
| St. John's Church _____ | 700 |
| St. Paul's Church _____ | 25 |
| Scouts, Salvation Army, United Fund _____ | 76 |
| Goodwill _____ | 50 |
| Total _____ | $1,451 |

The Commissioner, in his statutory notice of deficiency, determined that petitioner did not qualify for head-of-household filing status and that he was only entitled to a deduction for alimony payments in the amount of $300. In addition, all charitable contributions were disallowed except $26 to the United Fund, $50 to Goodwill, and $100 in estimated cash contributions.

### OPINION

The first issue for decision is whether petitioner is entitled to a deduction for alimony payments in excess of $300. Under section 215, a husband's payments for the support of his wife are deductible in computing his taxable income only if such payments are includable in her gross income under section 71. Petitioner contends that the payments made to his wife prior to the date of the divorce decree are deductible under section 215 because they were made pursuant to an oral agreement between himself and his wife. Petitioner's argument misconceives the

requirements of section 71(a). Section 71(a) applies only to payments made to a spouse or former spouse because of the family or marital relationship in recognition of the general obligation of support which is made specific by a decree or *written* agreement or instrument. Sec. 1.71-1(b)(4), Income Tax Regs. Payments made pursuant to an oral agreement simply do not satisfy the requirements of Section 71(a). The need for formal actions is apparent. In absence of such requirements, disputes would often arise as to the character of the payments, due to the fact that whether the payments are deductible to the transferor is dependent upon whether they are includable in the gross income of the transferee. Accordingly, petitioner is only entitled to a deduction for those payments, totaling $300, which were made to his former wife under the decree of divorce during 1972.

We must now decide whether petitioner is entitled to head-of-household filing status for the taxable year 1972. In support of his determination, respondent relies on section 1.2-2(c), Income Tax Regs., which provides in pertinent part as follows:

(c) *Household.* (1) In order for a taxpayer to be considered as maintaining a household by reason of any individual described in paragraph (a)(1) or (b)(3) of this section, the household must actually constitute the home of the taxpayer for his taxable year. * * * Such home must also constitute the principal place of abode of at least one of the persons specified in such paragraph (a)(1) or (b)(3) of this section. It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer. * * *

Because petitioner lived apart from his children for most of the year 1972, it is clear that he did not maintain "as his home a household which constitute[d] for such taxable year the principal place of abode" for any of his children within the meaning of section 2(b)(1)(A), and that he is, therefore, not entitled to the benefit of the head-of-household filing rates specified in section 1(b). *W. E. Grace,* 51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969).

Next we turn to the question of whether petitioner is entitled to deductions for charitable contributions in excess of those allowed by respondent. At trial, petitioner testified regarding the various contributions claimed on his income tax return. Exercising our best judgment and discretion, based on the record before us, we find that petitioner is entitled to the following

deductions for charitable contributions made during the year 1972:

| Organization | Amount |
|---|---|
| St. Thomas' Church | $500 |
| St. John's Church | 0 |
| St. Paul's Church | 25 |
| Scouts, Salvation Army, United Fund | 50 |
| Goodwill | 50 |
| Total | 625 |

Petitioner testified that the deduction he claimed for contributions to St. John's Church of McLean, Va., was based on what he estimated his wife contributed to the church and that the contributions were made from the funds which he sent her every 2 weeks while she was temporarily living in Virginia. The funds which petitioner sent his wife were not specifically designated for charitable purposes. In absence of a prior designation or agreement as to the disposition to be made of transferred funds, a taxpayer is not entitled to a charitable deduction for a contribution made to a charity by a person to whom he has transferred funds, but rather the deduction is to be claimed by the person making the contribution.[2] Therefore, petitioner is not entitled to a charitable deduction for the contributions made by his former wife to St. John's Church.

To reflect the foregoing,

*Decision will be entered under Rule 155.*

---

[2] See *J. Morgan Wilson,* a Memorandum Opinion of this Court dated Feb. 21, 1952.