T.C. Summary Opinion 2007-136


UNITED STATES TAX COURT


RANDALL L. SINDELIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8048-06S.                    Filed August 6, 2007.


Randall L. Sindelir, pro se.

<u>Tamara L. Kotzker</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2002.

Respondent determined a deficiency in petitioner's Federal income tax for 2002 of $6,704. The deficiency stemmed from the disallowance of a deduction for alimony payments and the related adjustment of petitioner's itemized deductions. The sole issue for decision is whether petitioner properly deducted $18,000 paid to his ex-wife in 2002 as alimony. For the reasons discussed below, we sustain respondent's determination.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, Randall L. Sindelir (petitioner) resided in Montana.

Petitioner and his former spouse, Diana Sindelir (ex-wife), were married in February 1978. After separating sometime in late 2001, they filed a joint petition for the dissolution of their marriage in January 2002.[2] When the couple separated, they had an oral agreement that petitioner would pay his ex-wife $1,500 per month in temporary maintenance. Petitioner did so.

In August 2002, the couple engaged in court-ordered mediation as part of the divorce proceedings. At the mediation, a written separation agreement was drafted, stating that

---

[2] As the couple was living in Colorado at the time, the separation and divorce proceedings were supervised by the District Court for Larimer County.

petitioner was to pay his ex-wife $2,000 per month in maintenance. This separation agreement was never signed or executed by the parties, and petitioner continued to pay his ex-wife $1,500 per month.

The divorce became final in January 2003. In considering maintenance obligations, the District Court for Larimer County refused to enforce the draft separation agreement. Petitioner argued during the course of the final divorce proceeding that the separation agreement was not binding. The court agreed with petitioner and found that although an agreement between petitioner and his ex-wife may have been reduced to writing, it was not enforceable as it was not signed or executed by the parties.

Petitioner claimed an alimony deduction in the amount of $18,000 for the amounts he paid to his ex-wife in 2002.[3] Respondent disallowed the deduction, and a deficiency resulted.

---

[3] Petitioner wrote checks to his ex-wife totaling $15,440.88 in 2002, testifying at trial that the difference between the amount claimed and the checks written was for expenses paid on her behalf. As we ultimately hold that the entire $18,000 is not deductible as alimony, we need not decide whether petitioner properly substantiated the additional amounts paid.

## Discussion[4]

Section 71(a) provides the general rule that alimony payments are included in the gross income of the payee spouse; section 215(a) provides the complementary general rule that alimony payments are tax deductible by the payor spouse in "an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year."

The term "alimony" means any alimony as defined in section 71, which provides in relevant part:

> SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.-- For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> > >
> > > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,
> > >
> > > (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

---

[4] The issue for decision under these facts is essentially legal in nature; therefore, we decide the instant case without regard to the burden of proof.

(D) there is no liability to make
any such payment for any period after
the death of the payee spouse and there
is no liability to make any payment (in
cash or property) as a substitute for
such payments after the death of the
payee spouse.

The issue here is solely whether petitioner's payments to
his ex-wife in 2002 satisfied the requirement that the payments
be made under a divorce or separation instrument.  See sec.
71(b)(1)(A).

Section 71(b)(2) provides that a "divorce or separation
instrument" means:

(A) a decree of divorce or separate
maintenance or a written instrument incident
to such a decree,

(B) a written separation agreement, or

(C) a decree (not described in
subparagraph (A)) requiring a spouse to make
payments for the support or maintenance of
the other spouse.

Although petitioner and his ex-wife had an oral agreement, no
written agreement or decree was in effect for the taxable year at
issue.

Courts have leniently interpreted the writing requirement.
See, e.g., Leventhal v. Commissioner, T.C. Memo. 2000-92 (finding
that letters signed by both the taxpayer's attorney and the ex-
wife's attorney clearly setting forth the terms of maintenance
payments was a "separation agreement"); Osterbauer v.
Commissioner, T.C. Memo. 1982-266 (determining that a letter sent

by the wife's representative to the taxpayer memorializing the terms of their oral agreement constituted a written instrument). But courts have also routinely held that there must be some actual writing in effect. See, e.g., Herring v. Commissioner, 66 T.C. 308, 311 (1976) (holding that payments made under an oral agreement were not alimony). The draft settlement agreement was never in effect, and the fact that petitioner's ex-wife acknowledges receiving the payments made by petitioner does not satisfy the writing requirement. See, e.g., Leventhal v. Commissioner, supra.

Although we appreciate the difficult position that petitioner has found himself in, particularly since it seems clear that the intention of the oral agreement in effect between petitioner and his ex-wife had been to have the $1,500 monthly payments serve as "alimony", deductions are a matter of legislative grace and must meet all applicable statutory requirements. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). To be deductible as alimony under section 71, a payment must be made pursuant to some kind of written agreement, and the oral agreement in effect here is insufficient to satisfy that requirement. See sec. 71(b)(1)(A). Accordingly, we hold that petitioner's payments made to his ex-wife in 2002 were not properly deductible as alimony.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>