T.C. Summary Opinion 2007-205


UNITED STATES TAX COURT


BRYAN DOUGLAS EMMEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23348-06S.          Filed December 6, 2007.


Bryan Douglas Emmel, pro se.

<u>David L. Zoss</u>, for respondent.


HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and Rule references are to
the Tax Court Rules of Practice and Procedure.  Amounts are
rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $1,515.  The issue for decision is whether petitioner is entitled to a $10,080 alimony deduction under section 215(a) for 2004.

## Background

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Fergus Falls, Minnesota, when he filed his petition.

Petitioner and Deborah Emmel were married on October 9, 1982, and had a daughter, SE, born in 1986.  In January 2002, petitioner and Deborah Emmel separated and began living apart. Deborah Emmel retained custody of SE. During 2004, petitioner deposited monthly amounts totaling $16,800 into a joint bank account he held with his wife, from whom he was still separated.

On May 18, 2004, petitioner's attorney signed a petition for dissolution of marriage on petitioner's behalf.  Neither petitioner nor his attorney filed the May 18, 2004, petition with the State of Minnesota district court (district court).  Further, the May 18, 2004, petition was not signed by petitioner or Deborah Emmel and did not provide for spousal or child support.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for 2004 (2004 return) as head of household, claiming $10,080 of the $16,800 deposited in the joint bank account was alimony paid to Deborah Emmel.

On April 14, 2006, petitioner filed a petition for dissolution of marriage with the district court. The marriage was dissolved on May 15, 2006. The district court's conclusions of law with respect to the dissolution of marriage stated Deborah Emmel voluntarily waived her right to obtain maintenance.

On October 13, 2006, respondent issued a notice of deficiency denying petitioner's deduction for alimony paid of $10,080 claimed on the 2004 return. Petitioner timely filed his petition with this Court on November 14, 2006.

## Discussion

Section 215(a) provides that an individual is allowed as a deduction the amount equal to the alimony or separate maintenance payments paid during the individual's taxable year. The term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) which is includable in the gross income of the recipient under section 71. Sec. 215(b). An alimony or separate maintenance payment is any payment in cash that satisfies the four requirements listed under section 71(b)(1). Sec. 71(b). The first requirement is that the payment be received by or on behalf of a spouse under a

divorce or separation instrument.  Sec. 71(b)(1)(A).  Section 71(b)(2) defines a divorce or separation instrument as a decree of divorce or a written instrument incident to such a decree, a written separation agreement, or a decree requiring a spouse to make payments for the support or maintenance of the other spouse.

A divorce or separation agreement must be made in writing. Herring v. Commissioner, 66 T.C. 308, 311 (1976).  The writing requirement does not, however, specify the medium which may be used nor the form the writing must take.  Leventhal v. Commissioner, T.C. Memo. 2000-92; Ellis v. Commissioner, T.C. Memo. 1990-456; Osterbauer v. Commissioner, T.C. Memo. 1982-266. A payment made pursuant to an oral agreement is not a payment made pursuant to a divorce or separation instrument unless there is some type of written instrument memorializing the agreement. Herring v. Commissioner, supra; Osterbauer v. Commissioner, supra.  Petitioner bears the burden of proving respondent's determinations are incorrect.  See Rule 142(a).

Petitioner and Deborah Emmel did not execute a written agreement providing for alimony or maintenance.  Petitioner testified that the monthly payments to Deborah Emmel in 2004 were made pursuant to an oral agreement.  Petitioner also testified that there was no court order in effect for 2004 requiring him to pay alimony.  The only evidence petitioner submitted was a copy of his petition for divorce, signed by his attorney, which did

not provide for support or maintenance payments.  The petition is not sufficient to establish a divorce or separate maintenance instrument.

For the foregoing reasons, the Court finds that the total of $10,080 transferred to Deborah Emmel during 2004 was not paid under a divorce or separation instrument as required under section 71(b)(1)(A).  Therefore, petitioner is not entitled to a $10,080 alimony deduction under section 215 for 2004.  Having concluded that petitioner is unable to meet the first of the four requirements of section 71(b)(1), the Court finds it unnecessary to consider the remaining three.

In reaching this holding, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.