T.C. Summary Opinion 2010-125


UNITED STATES TAX COURT


HENRY ANTHONY WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11734-08S.          Filed August 26, 2010.


Henry Anthony Williams, pro se.

<u>Bryan E. Sladek</u> and <u>Robert D. Heitmeyer</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,290 deficiency in petitioner's 2005 Federal income tax. The deficiency resulted from the disallowance of a $9,750 deduction petitioner claimed for alimony payments. The sole issue for decision is whether petitioner is entitled to a deduction under section 215 for alimony payments he made in 2005 to his former wife.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when he filed his petition.

Petitioner married Phyllis Eve Williams (Ms. Williams) in January 1985. Their marriage produced one child. The couple separated in 1991. Throughout the marriage Ms. Williams abused petitioner. When they separated, they did not obtain a court order of separation; but subsequently petitioner drafted an informal handwritten agreement (informal agreement) on January 12, 1993, which they both signed. In this informal agreement petitioner agreed: (1) To make alimony payments to Ms. Williams "during the time of the separation"; and (2) that Ms. Williams "shall receive as alimony payment, the rental income from the property owned by Henry A. Williams. The amount is $550 per

month."  The informal agreement did not discuss petitioner's obligation to Ms. Williams upon or after her death.

Without petitioner's knowledge, Ms. Williams fraudulently obtained a second mortgage on the rental property.  Petitioner became aware of the second mortgage in late 1997 but was unable to prevent his loss of the property in a foreclosure in late 1998 or 1999.

After the foreclosure petitioner and Ms. Williams made oral changes to the terms of petitioner's spousal support obligation to Ms. Williams.  They never reduced these oral understandings to writing.  The Court received into evidence copies of three checks and one money order, each for $400, dated June through September 2005 from petitioner payable to Ms. Williams.  The Court also received a copy of a check for $1,242 dated January 24, 2005, from petitioner payable to "PFCS".  Petitioner did not explain this acronym.

Petitioner obtained a judgment of dissolution (divorce decree) terminating the marriage, which the Superior Court of California, Los Angeles County (superior court), entered on December 20, 2005.  Ms. Williams was not present at the hearing. The divorce decree ordered spousal support and a property division, referencing an attached, terse "Written Judgment" (attachment).  The divorce documents did not discuss child custody and did not order child support.  Under the attachment

the Superior Court retained jurisdiction over income tax debts from 1989-1991 and spousal support and stated that Ms. Williams had defrauded petitioner of $200,000. Neither the divorce decree nor the attachment stated a fixed amount of spousal support or provided a mechanism to determine the precise amount of spousal support.

## Discussion

The Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that a determination set forth in a notice of deficiency is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers must satisfy the statutory requirements for claiming the deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See also Ronnen v. Commissioner, 90 T.C. 74, 102 (1988); sec. 1.6001-1(a), (e), Income Tax Regs.

Under section 7491(a) the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets other requirements of the section.

Petitioner has neither argued for a burden shift nor established his compliance with the requirements of section 7491(a). Petitioner, therefore, bears the burden of proving that respondent's determination in the notice of deficiency is erroneous.

As a threshold matter, petitioner has failed to satisfy his burden of substantiating the $9,750 expenditure. Petitioner provided copies of disbursements showing that he paid $1,600 to Ms. Williams during 2005. The $1,242 check to PFCS is inconclusive. A payment to a third party can "certainly" qualify as alimony under the right circumstance, including payments for the payee spouse's shelter or utilities. See Leventhal v. Commissioner, T.C. Memo. 2000-92. However, petitioner did not elucidate the PFCS payee, the type of expense he paid, or the separation or divorce instrument that purportedly required the $1,242 check. Petitioner also did not provide evidence to support the rest of his $9,750 figure. Therefore, at best, petitioner has substantiated $1,600 of the deduction. However, for the reasons stated below, petitioner is not entitled to a deduction for alimony even for that reduced amount.

Section 215 allows an individual a deduction for alimony or separate maintenance payments made during a year if those amounts are includable in the gross income of the recipient under section 71(a). Section 215 provides in relevant part:

SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) General Rule.--In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year.

(b) Alimony or Separate Maintenance Payments Defined.-- For purposes of this section, the term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71.

Section 71(a) provides that "Gross income includes amounts received as alimony or separate maintenance payments." As previously stated, alimony or separate maintenance payments are defined by section 71(b)(1), which provides:

SEC. 71(b). Alimony or Separate Maintenance Payments Defined.--For purposes of this section--

(1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if–

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to

make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

A payment is deductible as alimony only if all four requirements of section 71(b)(1) are satisfied. See Jaffe v. Commissioner, T.C. Memo. 1999-196. The only two elements at issue here are subparagraphs (A) and (D): Whether petitioner made the payments under a divorce decree or separation instrument and whether petitioner's obligation to Ms. Williams did not extend beyond her death.

We first discuss the requirement of section 71(b)(1)(D) that the liability not extend beyond the death of the payee spouse. In instances as here where the separation instrument and divorce decree are inconclusive or silent as to the alimony obligation after the death of the payee, the Court will look to any applicable default provision in the jurisdiction in which the divorce took place. Le v. Commissioner, T.C. Memo. 2008-183.

The applicable statute is Cal. Fam. Code sec. 4337 (West 2004). See Hilton v. McNitt, 315 P.2d 1, 4 (Cal. 1957) (citing predecessor statute). According to this California family law code section: "Except as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party." Cal.

Fam. Code sec. 4337. Consequently, because the applicable California default statute terminates the alimony payments upon Ms. Williams' death, the informal agreement and the divorce decree satisfy the termination requirement of section 71(b)(1)(D).

That leaves one final requirement; namely, whether petitioner made his payments "under a divorce or separation instrument" in accordance with section 71(b)(1)(A). Section 71(b)(2) defines a qualifying "divorce or separation instrument" as follows:

> (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,
>
> (B) a written separation agreement, or
>
> (C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

The term "written separation agreement" is not defined by the Code, the legislative history, or applicable regulations. Bogard v. Commissioner, 59 T.C. 97, 100 (1972); Leventhal v. Commissioner, T.C. Memo. 2000-92. While courts have interpreted the writing requirement leniently, see Leventhal v. Commissioner, supra; Azenaro v. Commissioner, T.C. Memo. 1989-224, courts require, nonetheless, an actual writing that expresses a clear, ascertainable standard by which to calculate support amounts, Herring v. Commissioner,

66 T.C. 308, 311 (1976) (holding that payments made under an oral agreement were not alimony); Leventhal v. Commissioner, supra.

Petitioner's 1993 informal agreement may have qualified as a written separation agreement before the foreclosure of his rental property in 1998 or 1999. However, once petitioner lost his stated source of rental income with which to make the contractual support payments, the couple made oral changes to their informal agreement. Petitioner acknowledges that they did not reduce the changes to writing.

While it is strange that petitioner would continue to make support payments to Ms. Williams after she defrauded him of $200,000, the key point is that the 1993 informal agreement is simply not a written separation agreement that governed the payments petitioner made in the year at issue, 2005. In other words, because the 1993 informal agreement did not reflect the oral changes that the couple made to their arrangement, the 1993 informal agreement does not satisfy section 71(b)(1)(A), which requires that Ms. Williams received the payments in 2005 "under a divorce or separation instrument".

The divorce decree and the attachment are likewise insufficient for purposes of section 71(b)(1)(A). First, as a matter of timing, petitioner made the payments in 2005

before the entry date of the divorce decree, December 20, 2005.  "Payments made before the existence of a written divorce or separation instrument are not deductible by the payor spouse".  Ali v. Commissioner, T.C. Memo. 2004-284. Therefore, with respect to the divorce decree, because petitioner made the payments to Ms. Williams before the Superior Court entered the divorce decree, he did not make the payments "under a divorce or separation instrument" as section 71(b)(1)(A) requires.

Further, the divorce decree and its attachment ordered petitioner to provide a property division as well as spousal support but did not provide a specific amount or an ascertainable standard by which to compute these obligations. Therefore, the language in the divorce decree and the attachment fails to establish that petitioner's payments were for spousal support and not for a nondeductible purpose such as a property settlement.  Accordingly, petitioner's divorce decree and its attachment do not satisfy the section 71(b)(1)(A) requirement.

For the foregoing reasons, we sustain respondent's determination.  None of petitioner's payments in 2005 to Ms. Williams qualify as alimony, and therefore petitioner is not entitled to an alimony deduction for 2005 under section 215 or any other provision.

We have considered the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that those arguments are without merit, irrelevant, or moot.

To reflect the foregoing,

Decision will be entered for respondent.