T.C. Summary Opinion 2011-45

UNITED STATES TAX COURT

TIMOTHY OWEN MICEK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13679-09S.              Filed April 6, 2011.

Timothy Owen Micek, pro se.

<u>Nick G. Nilan</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------------------|
| 2000 | $12,224 | $2,926 |
| 2001 | 12,073 | 1,660 |
| 2002 | 11,921 | 1,509 |
| 2003 | 2,764 | |

The determined deficiencies were the result of the denial of deductions for alimony paid that were claimed on petitioner's tax returns for the years at issue.  We must decide whether petitioner is entitled to the alimony deductions under section 215(a).

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Washington when he filed this petition.

Petitioner and Karen Micek (Ms. Micek) were married on March 2, 1968, and had two children during their marriage.  Petitioner and Ms. Micek separated in 1997, at which time petitioner resided in New Jersey and Ms. Micek resided in Pennsylvania.

In 1999 petitioner and Ms. Micek orally agreed that petitioner would help support Ms. Micek by paying her $1,250 every 2 weeks.  To memorialize this agreement, on November 10, 1999, petitioner signed a spousal support affidavit, stating that

he promised to pay Ms. Micek $1,250 biweekly via direct deposit. A notary public of the State of New Jersey notarized the spousal support affidavit. Throughout the years at issue, petitioner made payments to Ms. Micek pursuant to the spousal support affidavit.

While petitioner was making payments, he was diagnosed with multiple sclerosis and was forced to stop working. As a result, in 2003 petitioner stopped making the required payments. On April 21, 2003, petitioner's attorney received a letter from Ms. Micek's attorney inquiring why petitioner had terminated the "alimony/expense payments".

Petitioner filed an action for divorce in the Superior Court of New Jersey, Bergen County Family Division (the superior court). On December 15, 2003, the Superior Court entered a judgment of divorce. On January 27, 2004, the superior court entered an amended final judgment of divorce. Neither judgment incorporated the terms of the spousal support affidavit, and both petitioner and Ms. Micek waived any right to payment of support or alimony.

Petitioner timely filed his Forms 1040, U.S. Individual Income Tax Return, for the years at issue. On February 26, 2009, respondent issued a notice of deficiency disallowing petitioner's deductions for alimony paid. Petitioner timely filed his petition with this Court on June 5, 2009.

## Discussion

Section 215(a) provides that an individual is allowed as a deduction the amount equal to the alimony or separate maintenance payments made during such individual's taxable year.  Alimony or separate maintenance payment means any alimony or separate maintenance payment (as defined in section 71(b)) which is includable in the gross income of the recipient under section 71. Sec. 215(b).  Alimony or separate maintenance payment is defined as any payment in cash that satisfies the four requirements listed under section 71(b)(1).  The first such requirement is that the payment be received by or on behalf of a spouse under a divorce or separation instrument.[2]  Sec. 71(b)(1)(A).

Section 71(b)(2) defines a divorce or separation instrument as a decree of divorce or a written instrument incident to such a decree, a written separation agreement, or a decree requiring a spouse to make payments for the support or maintenance of the other spouse.  A divorce or separation agreement must be made in writing.  Herring v. Commissioner, 66 T.C. 308, 311 (1976);

---

[2]In addition to requiring that payments be received by or on behalf of a spouse under a divorce or separation instrument, sec. 71(b)(1) generally requires that:  (1) The divorce or separation instrument not designate a payment as one that is not includable in gross income under sec. 71 and not allowable as a deduction under sec. 215; (2) the payee spouse and the payor spouse not be members of the same household at the time the payments are made; and (3) there be no liability to make payments for any period after the death of the payee spouse.  Respondent does not dispute that these requirements have been met.  Further, respondent does not dispute the amounts of the payments made.

Leventhal v. Commissioner, T.C. Memo. 2000-92; Ellis v. Commissioner, T.C. Memo. 1990-456.  A payment made pursuant to an oral agreement is not a payment made pursuant to a divorce or separation instrument unless there is some type of written instrument memorializing the agreement.  Herring v. Commissioner, supra; Osterbauer v. Commissioner, T.C. Memo. 1982-266.

Writings that do not represent a meeting of the minds of the parties do not constitute a written separation agreement within the meaning of section 71.  Azenaro v. Commissioner, T.C. Memo. 1989-224.  The writing requirement does not, however, specify the medium that may be used nor the form the writing must take.  Leventhal v. Commissioner, supra; Ellis v. Commissioner, supra; Osterbauer v. Commissioner, supra.  Further, there is no requirement that the writing be signed by both husband and wife.  Jefferson v. Commissioner, 13 T.C. 1092, 1097-1098 (1949).  Petitioner bears the burden of proving respondent's determinations are incorrect.  See Rule 142(a).

The issue before us is whether the spousal support affidavit qualifies as a written separation instrument as defined by section 71(b)(2).  The spousal support affidavit is a written instrument, signed by petitioner, promising to pay Ms. Micek $1,250 every 2 weeks.  As discussed above, a separation instrument does not require a specific medium or form and does not have to be signed by both husband and wife.  Further, even

though Ms. Micek did not sign the spousal support affidavit, petitioner testified that he reached an oral agreement with Ms. Micek with respect to support payments during their separation. This meeting of the minds not only is memorialized by the spousal support affidavit, but also is supported by the letter from Ms. Micek's attorney received by petitioner's attorney on April 21, 2003, describing the payments she had been receiving from petitioner as alimony payments.  Accordingly, the spousal support affidavit qualifies as a written separation instrument as defined by section 71(b)(2), and petitioner is entitled to his claimed alimony deductions for the years at issue.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.