T.C. Summary Opinion 2011-75


UNITED STATES TAX COURT


MARTIN FRANCIS GROSJEAN, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3426-10S.                    Filed June 27, 2011.


Howard O. Bernstein and Arlene M. Cress French, for

petitioner.[1]

Michael T. Garrett, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

_____

[1]  Mr. Bernstein and Ms. French entered their appearances
after this case had been tried and then filed a brief on
petitioner's behalf.

effect when the petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2007 of $14,241 and an accuracy-related penalty under section 6662(a) and (b)(1) of $2,848.[3]  The deficiency stems from the disallowance of a deduction for alimony paid.  After a concession by respondent,[4] the sole issue for decision is whether petitioner properly deducted a $50,000 mortgage principal reduction payment (the $50,000 payment) as alimony paid to his ex-wife in 2007.

### Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, petitioner resided in Colorado.

---

[2]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

[3]  All dollar amounts are rounded to the nearest dollar.

[4]  Respondent concedes the accuracy-related penalty under sec. 6662(a).

Petitioner and Manju Nilsson Grosjean (Ms. Grosjean), were married in June 1997. Shortly thereafter petitioner and Ms. Grosjean jointly purchased a home subject to a mortgage. Petitioner and Ms. Grosjean had two children together: twin sons born in 1998.

After separating in August 2002, petitioner and Ms. Grosjean were divorced in March 2003. Petitioner and Ms. Grosjean entered into a Separation Agreement (the agreement), which was attached to the divorce decree. With respect to alimony, and as relevant herein, the agreement states:

> 1.2. Martin and Manju hereby state that the purpose of a maintenance award is to enable Manju to stay in the marital home with the minor children. The goal of the support payment is to enable Manju with the maintenance payment and the child support payment to pay the house payment and meet the child care expenses. Martin agrees to provide enough funds to Manju, as contractual, non-modifiable maintenance, to enable Manju to meet the mortgage payment on the present marital home. Martin further agrees as and for child support to minimally meet the child care expenses for the two minor children. Martin agrees to pay maintenance to Manju until the children reach the age of 19 years of age or are otherwise emancipated. To accomplish this goal, Martin agrees to pay to Manju as maintenance the sum of $2,333.46 per month which represents the house payment on the present mortgage on the marital home * * *.

The agreement states that the maintenance ceases, inter alia, upon Ms. Grosjean's death or if the children are no longer living with Ms. Grosjean and that the maintenance payments are deductible by petitioner pursuant to sections 71 and 215. The agreement further states that Ms. Grosjean will refinance the

home within 5 years of signing the agreement and have petitioner's name eliminated from the loan, but that petitioner will continue to make the mortgage payment on the refinanced mortgage. The agreement also provides for a proportional reduction of maintenance with any increase in Ms. Grosjean's income, but states that maintenance is contractual and may not be modified by any court for any reason. Finally, the agreement provides for monthly child support of $2,436, which amount may be modified by petitioner and Ms. Grosjean as needed.

During 2007, petitioner made all of the monthly mortgage payments on the marital home for a total of $29,583. That same year Ms. Grosjean informed petitioner that she was unable to fulfill her obligation to refinance the mortgage because she "could not qualify for a mortgage at the principal level". Petitioner and Ms. Grosjean orally agreed that petitioner would make the $50,000 payment so that Ms. Grosjean could qualify to refinance the mortgage. As a result, petitioner made the $50,000 payment in October 2007.

On his 2007 Federal income tax return, petitioner claimed an alimony deduction of $79,583 for the amounts paid on the mortgage in 2007. Although petitioner advised Ms. Grosjean to include the $50,000 payment in her income as alimony, she did not do so;

rather, she reported receiving $29,582 as alimony payments on her 2007 Federal income tax return.[5]

In an Arbitration Award dated March 15, 2010, the arbitrator found that the $50,000 payment was maintenance and not child support.

In a notice of deficiency respondent determined that the $50,000 payment was not alimony and therefore disallowed the claimed deduction to that extent. Respondent also determined that petitioner was liable for the accuracy-related penalty based on negligence or disregard of rules or regulations.

## Discussion[6]

Section 215(a) allows a deduction for alimony payments paid during the payor's taxable year. Alimony means any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71." Sec. 215(b). An alimony payment is defined as any payment in cash that satisfies the four requirements listed under section 71(b)(1). The first such requirement is that the payment be received by or on behalf of a

---

[5] Ms. Grosjean rounded down the amount of mortgage payments received. The difference is not at issue in this case.

[6] The issue for decision under these facts is essentially legal in nature; therefore, we decide this case without regard to the burden of proof.

spouse under a divorce or separation instrument.[7]  Sec. 71(b)(1)(A).

Section 71(b)(2) defines a divorce or separation instrument as a decree of divorce or a written instrument incident to such a decree, a written separation agreement, or a decree requiring a spouse to make payments for the support or maintenance of the other spouse.  A divorce or separation agreement must be made in writing.  Herring v. Commissioner, 66 T.C. 308, 311 (1976); Leventhal v. Commissioner, T.C. Memo. 2000-92; Ellis v. Commissioner, T.C. Memo. 1990-456.  A payment made pursuant to an oral agreement is not a payment made pursuant to a divorce or separation instrument unless there is some type of written instrument memorializing the agreement.  Herring v. Commissioner, supra at 311; Osterbauer v. Commissioner, T.C. Memo. 1982-266.

Although a payment may be made pursuant to a divorce or separation instrument, section 71(c)(1) provides that alimony does not include payments fixed by a divorce instrument that are payable for the support of children of the payor spouse.  A

---

[7]  In addition to requiring that payments be received by or on behalf of a spouse under a divorce or separation instrument, sec. 71(b)(1) generally requires that:  (1) The divorce or separation instrument not designate a payment as one that is not includable in gross income under sec. 71 and not allowable as a deduction under sec. 215; (2) the payee spouse and the payor spouse must not be members of the same household at the time the payments are made; and (3) there be no liability to make payments for any period after the death of the payee spouse.  Respondent does not dispute that these requirements have been met.

payment is treated as payable for the support of the children of the payor spouse if the amount of the payment will be reduced on the happening of a contingency specified in the divorce instrument relating to a child, such as attaining a specific age, marrying, dying, leaving school, or other similar contingency. See sec. 71(c)(2)(A); see also sec. 1.71-1T(c), Q&A-17, Temporary Income Tax Regs., 49 Fed. Reg. 34456 (Aug. 31, 1984).

Respondent argues that the $50,000 payment is not alimony because it was not made pursuant to a divorce or separation instrument. Respondent further argues that even if the $50,000 payment were made pursuant to the agreement, the $50,000 payment is not deductible as alimony because petitioner's maintenance payments under the agreement are tied to conditions related to petitioner's twin sons.[8]

Petitioner contends that the $50,000 payment is deductible as alimony under the agreement and the arbitration award.

It is well settled that labels assigned to payments by the parties or a divorce court are not determinative for Federal income tax purposes. Beard v. Commissioner, 77 T.C. 1275, 1283-1284 (1981). Moreover, State court adjudications retroactively

---

[8] Although it is respondent's position that sec. 71(c)(2) and the conditions in the agreement preclude petitioner from deducting the $50,000 payment and that such argument is equally applicable to the remaining portion of petitioner's deduction for alimony, respondent did not contest at trial or on brief the $29,583 in monthly mortgage payments allowed in the notice of deficiency.

designating payments as alimony and not child support (or vice versa) are generally disregarded for Federal income tax purposes. See Gordon v. Commissioner, 70 T.C. 525, 530 (1978). Thus, we disregard the retroactive designation by the arbitration award, and it is the express terms of the agreement that dictate the Federal income tax consequences of the $50,000 payment.

It appears that the $50,000 payment was made pursuant to an oral agreement between petitioner and Ms. Grosjean in order to facilitate the refinance of the home mortgage. Therefore, it would appear that the $50,000 payment was not made under a divorce or separation instrument as required by section 71(b)(1)(A).

But even if the $50,000 payment was a maintenance payment made pursuant to the agreement as required in section 71(b)(1)(A), the agreement contains an explicit contingency related to the children with respect to the maintenance payments; i.e., petitioner agrees to pay maintenance to Ms. Grosjean "until the children reach the age of 19 years of age or are otherwise emancipated." See sec. 1.71-1T(c), Q&A-16, Temporary Income Tax Regs., supra. The existence of the contingency triggers the application of section 71(c)(1) and makes petitioner's maintenance payments not deductible under section 215. See, e.g., Hammond v. Commissioner, T.C. Memo. 1998-53; Fosberg v. Commissioner, T.C. Memo. 1992-713. Therefore, even if the

$50,000 payment were considered a maintenance payment made pursuant to a divorce or separation instrument, it would not be deductible.  See sec. 71(c)(2)(A).

Accordingly, we hold that petitioner is not entitled to deduct as alimony the $50,000 payment made in 2007.

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a holding contrary to that reached herein.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency in tax and for petitioner as to the accuracy-related penalty.