T.C. Summary Opinion 2018-5

UNITED STATES TAX COURT

DAVID ALAN DEVALERIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18396-16S.                          Filed January 31, 2018.

David Alan Devaleria, pro se.

<u>Sandeep Singh</u>, <u>Victoria Z. Gu</u>, and <u>Trent D. Usitalo</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for a Federal income tax deficiency of $1,836 and an accuracy-related penalty of $367.20 under section 6662(a) for the taxable year 2013 (year in issue). Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

After a concession by respondent, the sole issue remaining for decision is whether petitioner is entitled to a deduction for alimony paid to his former spouse in excess of the amount respondent allowed.[2]

## Background[3]

Petitioner and his former spouse were married for 19 years and have two children. They separated and divorced in 2008.

---

[1](...continued)
Code, as amended and in effect for 2013, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent concedes that petitioner is not liable for an accuracy-related penalty under sec. 6662(a) for the year in issue.

[3]Some of the facts have been stipulated and are so found.

In conjunction with the couple's divorce, the Superior Court of Arizona, Maricopa County (superior court), directed petitioner to pay child support and spousal maintenance. By minute entry dated July 24, 2008, the superior court ordered petitioner, in relevant part, to make monthly spousal maintenance payments of $1,500 to his former spouse for 42 months beginning March 1, 2010. By order dated September 21, 2010, the superior court denied petitioner's former spouse's motion to increase spousal maintenance, ordered petitioner to pay monthly child support of $772.13, and noted that petitioner owed $1,707.78 in child support arrearage. The order stated that an order of assignment would be "initiated electronically" by the court's deputy clerk.

On October 12, 2010, the superior court issued an order of assignment which included a schedule of petitioner's child support and spousal maintenance obligations, arrears and interest charges, and handling fees, items that totaled $2,577.13 per month. The order of assignment stated that it modified and replaced any previous order of assignment and directed that petitioner's current and future employers were obliged to withhold $2,577.13 per month from any payment due to petitioner but that such withholding could not exceed 50% of his disposable

earnings.[4]  Although the order of assignment stated that it was effective (retroactive to) March 1, 2010, the portion of the order that set a termination date was not completed.  It stated:  "This Order of Assignment terminates on the last day of ___, ____ unless it includes an arrearage payment, in which case the total amount listed above shall continue to be withheld until further order."

Petitioner explained that, notwithstanding the order of assignment, he made child support and spousal maintenance payments directly to his former spouse beginning in late 2011 through the end of 2013.  Petitioner and his former spouse had established an informal arrangement under which petitioner sometimes made spousal maintenance payments to her in advance of the date the payments were otherwise due.

In 2013 petitioner issued checks to his former spouse every two weeks in amounts that sometimes varied widely.  Beginning January 2, 2013, through July 31, 2013, petitioner paid approximately $18,000 to his former spouse.  He made additional payments of roughly $9,000 beginning in mid-August through the end of the year.

---

[4]Although the superior court issued orders of assignment before and after the order of assignment dated October 12, 2010, those orders are not included in the record of this case.

On March 30, 2014, petitioner sent an email to his former spouse stating in relevant part that his obligation to make spousal maintenance payments had expired in August 2013 and that he would not send her any additional spousal maintenance payments.

Petitioner filed a Federal income tax return for the taxable year 2013, claiming a deduction of $19,930 for alimony payments. Respondent issued a notice of deficiency to petitioner determining that he was entitled to a deduction for alimony payments of $13,500 for 2013.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances, the burden of proof with respect to particular factual issues may shift to the Commissioner under section 7491(a). Petitioner has not asserted that section 7491(a) applies in this case. In any event, we see no

justification on this record for shifting the burden of proof to respondent in respect of any factual issue.

Section 71(a) provides the general rule that gross income includes amounts received as alimony or separate maintenance payments. Section 215(a) allows a deduction to the payor for an amount equal to the alimony paid during the taxable year to the extent it is includable in the recipient spouse's gross income under section 71(a).

Whether a payment constitutes alimony is determined by reference to section 71(b)(1), which defines "alimony" as any cash payment if (A) the payment is received by a spouse under a divorce or separation instrument, (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under section 71 and not allowable as a deduction under section 215, (C) the payor and payee spouses are not members of the same household when the payment is made, and (D) the payment obligation terminates at the death of the payee spouse and there is no liability to make either a cash or a property payment as a substitute for the payment after the death of the payee spouse.

Respondent acknowledges that petitioner is entitled to a deduction for alimony paid to his former spouse in 2013 as directed by the superior court.

Respondent maintains, however, that the superior court ordered that petitioner's obligation to make spousal maintenance payments expired in August 2013, and, therefore, any payments after that date were voluntary and do not constitute alimony within the meaning of section 71(b)(1). See, e.g., Herring v. Commissioner, 66 T.C. 308, 310-311 (1976).

Petitioner asserts that the superior court's order of assignment dated October 12, 2010, extended his obligation to make spousal maintenance payments indefinitely. Thus, he maintains that all the payments that he made to his former spouse in 2013 qualify as alimony within the meaning of the statute. We disagree.

The superior court issued a minute entry dated July 24, 2008, establishing petitioner's obligation to make monthly spousal support payments until August 2013. The 2010 order of assignment, which was issued to provide a means for collecting spousal and child support payments, makes no mention of the minute entry dated July 24, 2008. Petitioner cites no authority for the proposition that the 2010 order of assignment modified (i.e., extended indefinitely) his obligation to make spousal support payments, and we are aware of none.[5] Moreover,

_____

[5]Bearing in mind that the 2010 order of assignment stated that it modified and replaced an earlier order of assignment, we find it noteworthy that the superior court issued a subsequent order of assignment in 2011. The order of assignment issued in 2011 is not part of the evidentiary record, however, and without it we are

(continued...)

petitioner's position is undermined by an email that he sent to his former spouse in April 2014 stating that his obligation to make spousal support payments terminated in August 2013.

Petitioner asserts in the alternative that he had intended that the payments he made to his former spouse through the end of 2013 would be treated as alimony and that his former spouse accepted the payments as such.[6] As we have explained in the past, however: "Congress eliminated any consideration of intent in determining the deductibility of a payment as alimony in favor of a more straightforward, objective test that rests entirely on the fulfillment of explicit requirements set forth in section 71." See Okerson v. Commissioner, 123 T.C. 258, 264-265 (2004) (citing Hoover v. Commissioner, 102 F.3d 842, 844-845 (6th Cir. 1996), aff'g T.C. Memo. 1995-183). In this case, the superior court set a schedule which provided for the termination of petitioner's obligation to make spousal maintenance payments in August 2013.

---

[5](...continued)
left to question whether the 2010 order of assignment had been modified and replaced.

[6]There is no objective evidence in the record in respect of petitioner's former spouse's tax treatment of the payments in dispute.

Consistent with the foregoing, we conclude that the disputed payments that petitioner made to his former spouse were voluntary and hence did not qualify as alimony under sections 71(a) and 215(a).  See, e.g., Abood v. Commissioner, T.C. Memo. 1990-453.  Accordingly, respondent's determination disallowing a portion of the alimony deduction that petitioner claimed for the year in issue is sustained.

To reflect the foregoing,

An appropriate decision

will be entered.